EDWARD M. RANDOLPH, Appellant, v. ABRAM C. FRICK, Respondent.

St. Louis Court of Appeals, May 20, 1892.

1. **Statute of Frauds:** PAROL MODIFICATION OF WRITTEN CONTRACT. An oral modification of a proposition in writing for a sale, which is within the statute of frauds, is not enforceable.

2. ————: PLEADING. The statute of frauds, to be available, must be pleaded by the party relying on it.

3. **Practice, Appellate:** OBLIGATION TO REVERSE JUDGMENT FOR PREJUDICIAL ERROR. When the record in an action at law shows prejudicial error against the appellant, the judgment appealed from must

be reversed and the cause remanded, notwithstanding that it is plain that another trial must result in the same judgment on a proper amendment of the pleadings.

*Appeal from the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*Blair & Marchand* and *F. H. McCullough,* for appellant.

*W. C. Hollister,* for respondent.

BIGGS, J.—This is a suit for damages for the breach of a contract. The cause was submitted to a jury, and at the close of the evidence the defendant asked and the court gave the following instructions: "1. All the testimony of plaintiff tending to show that, prior to the execution of the written offer of plaintiff to defendant, there was an agreement between the plaintiff and the defendant that plaintiff should have an opportunity until December court, 1889, to satisfy certain judgments and pay interest on Wilson note, and also until a later time to furnish abstract of title, is excluded from the consideration of the jury.

"2.   The jury will find for defendant."

Thereupon the jury returned a verdict for the defendant, and the plaintiff has appealed. The plaintiff has assigned many errors, but we need only consider the action of the court in giving the foregoing instructions.

The plaintiff alleged in his petition, and introduced evidence tending to prove, that only a portion of the contract between him and the defendant was reduced to writing, and that other matters pertaining to it, and which were made part thereof, rested in parol. The defendant denied this, and averred that the whole agreement was evidenced by writings.

Randolph v. Frick.

It is conceded that on the thirteenth day of November, 1889, the plaintiff made to the defendant the following written proposition:

"I this day agree that, if Mr. A. C. Frick will clean up and ship to me at Marceline, Missouri, the following property: Ten head of horses, one phaeton, three top buggies, one one-seated, two two-seated buggies, one three-seated spring wagon, one cart, one writing desk, one stove, chairs, lamps and forks, nine wraps, two hair wraps, one lumber wagon, six set double harness; two set single harness, one cow; with the exception of the above cow and wagon which he may sell for me, I will pay freight on same and make him a warranty deed to my residence in Edina, Missouri, eighty by one hundred and eighty-one and one-half feet in the northeast corner of fractional block number 4, with improvements thereon, subject to a lien of $1,400, with interest paid up to date, bearing eight-per-cent. interest, to Mrs. Wilson; and said the Frick assumes payment of said mortgage. I (Randolph) pay all taxes up to January 1, 1890. I will furnish deed and abstract of title to said property. I to be notified by November 18, 1889.

"[Signed]            E. M. RANDOLPH."

It is also conceded that on the fourteenth day of November, 1889, the defendant wrote to the plaintiff the following letter of acceptance:

"*Mr. E. M. Randolph.*

"DEAR SIR:—After duly considering your proposition I have concluded to accept of the same as per contract, *and as we talked in presence of Mr. Schultz.* So you can fix deed and abstract and send it to M. D. or Mr. Schultz as we talked, and the sooner the better. We will go to work at once and get buggies in ship shape. The possibility is we will want the house at once or very soon."

It is also admitted that the defendant failed to ship the personal property mentioned in the contract, and the reasons assigned were that the plaintiff failed to furnish an abstract of title in accordance with his written proposition, and that the plaintiff was unable at that time, or within a reasonable time thereafter, to convey a title to the real estate which would be free of all incumbrances except the deed of trust for $1,400. The plaintiff admitted that he did not furnish an abstract of title at the time he sent the deed (which Schultz tendered to the defendant), and he also admitted that there were other liens against his property at the time; but the theory of his petition was, and his evidence tended to prove, that the defendant was apprised of the incumbrances on the property, and that they could not be removed until the following December term of the Knox county circuit court; that the defendant agreed that he would ship the personal property upon the receipt of a warranty deed to the Edina property, and that the plaintiff should have until the said term of court to remove and pay off the incumbrances, and that the plaintiff would then furnish an abstract of title. The plaintiff's evidence also tended to prove that, within the specified time, he did discharge all liens against his property, and was then able and offered to comply with his contract in all respects.

The plaintiff contends, and the defendant's letter of acceptance shows, that the entire agreement was not reduced to writing; for the defendant in his letter of acceptance says: "After duly considering your proposition I have concluded to accept of the same as per contract, *and as we talked in the presence of Mr. Schultz.*" In the first instance the court permitted the plaintiff against the defendant's objections to introduce evidence of conversations in the presence of Mr. Schultz in relation to the trade, and it was this evidence which the

court afterwards excluded by instruction. Among other objections to this evidence it was urged that the contract was for the sale of real estate on one side, and on the other personal property exceeding in value $30, and that, therefore, a parol modification of the contract could not be shown under the letter and policy of the statute of frauds. This objection would have been valid, and the court's action in excluding the evidence, which was decisive of the case, would have been upheld, if the defendant had pleaded the statute of frauds. It is the law of this state that this statute, to be available, must be pleaded by the party relying on it; otherwise it will be deemed to have been waived. In the case of *Maybee v. Moore*, 90 Mo. 340, this doctrine was reaffirmed in the following language: "When the plaintiff pleads a contract, the law presumes its validity, and if the defendant objects to it, because it is void by reason of a non-compliance with the statute, he must make the defense in his answer; otherwise the defense is waived." It is very clear that, under the pleadings, the court erred in its instruction, but we have hesitated about reversing the judgment, as it is plain under this record that the plaintiff must be defeated on a retrial in the event the defendant sees fit to interpose the statute as a defense. We have concluded, however, that we should not be controlled by such considerations. The question is, does this record show prejudicial error against the plaintiff; if so, we must reverse the judgment, regardless of the probable ultimate result of the litigation. Besides, to rule otherwise would, in effect, abrogate the rule of pleading referred to.

The judgment of the circuit court will be reversed, and the cause remanded. Judge ROMBAUER concurs in the opinion as written. Judge THOMPSON is of the opinion that the judgment ought to be affirmed.