EDWARD M. RANDOLPH, Appellant, v. ABRAM C. FRICK, Respondent.

St. Louis Court of Appeals, April 3, 1894.

1. **Covenants**: WHEN DEPENDENT. When mutual covenants in a contract go to the entire consideration, they are dependent.

2. **Pleading**: DEPARTURE: PRACTICE, APPELLATE. The plaintiff sued upon a contract, which, as pleaded in his petition, obligated him to furnish a certain abstract of title as a condition to his right of recovery. His reply denied this obligation, and averred an agreement by the defendant as part of the contract, foregoing the right to the abstract. *Held*, that this was a departure, and that this averment should be disregarded by this court on appeal by the plaintiff from an adverse judgment.

3. **Practice, Appellate:** DETERMINATION OF CAUSE ON THEORY OF TRIAL. An appellant can not in this court shift the theory of his action, and claim the right to recover on a ground which is inconsistent with that upon which he proceeded in the trial court.

4. **Law and Fact:** REASONABLE TIME. What is a reasonable time is ordinarily a question of fact. But *held* that, under the facts of this case, it was one of law.

*Appeal from the Knox County Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED (BOND, J., *dissenting*).

*Blair & Marchand* and *F. H. McCullough* for appellant.

*W. C. Hollister* and *S. J. Osborn* for respondent.

BIGGS, J.—This is the second appeal in this case. 50 Mo. App. 275.

The action is for damages for the alleged violation of the following contract:

"WA KEENEY, KAN., Nov. 13, 1889.

"10 head horses; 1 phaeton; 3 top buggies, one seated; 2 two seated buggies; 1 three seated spring wagon; 1 cart; 1 writing desk; 1 stove, chairs, lamps and forks; 9 wraps,—2 hair wraps; 1 lumber wagon; 6 sets double harness; 2 sets single harness; 1 cow; valued at $1,854.00. I this day agree that, if Mr. A. C. Frick will clean up and ship to me at Marceline, Mo., the above property (less cow and wagon, which he may sell for me), I will pay freight on same and make him a warranty deed to my residence in Edina, Mo., 80x181 1-2 feet in N. E. corner of fractional block 4, with all improvements thereon, subject to a lien of $1,400, with interest from date bearing 8 per cent., to Mrs. Wilson; and the said Frick assumes payment of said mort. as part of purchase price. I will pay all

taxes to January 1, 1890. I will furnish deed and abst. of title to said property, I to be notified by Nov. 18, 1890.

"(Signed)                E. M. RANDOLPH."

The petition alleges the acceptance of the contract by the defendant on the fourteenth day of November, 1889, and that subsequently, to wit, on the twentieth of the month, the defendant notified the plaintiff that he had concluded to cancel the trade. Then follows the averment that the defendant failed and refused to ship the property.

The defendant in his answer admitted that the plaintiff submitted to him the written proposition as set forth in the petition, except that the words "at once," immediately following the word property, were inserted, so that the last clause of the contract as signed reads: "I will furnish deed and abst. of title to said property at once." The defendant admitted that with this *addendum* he accepted the proposition, and he also admitted that subsequently, to wit, on November 20, he notified the plaintiff by letter that he had determined to rescind the contract. As a justification of this he averred that the defendant sent a deed to his agent at Wa Keeney, to be delivered to him, but plaintiff failed to send an abstract, stating as a reason for not sending it that there were judgments and taxes against the property which the plaintiff could not then remove; that, when the defendant was informed of this, he refused to accept the deed and immediately notified the plaintiff of his determination to cancel the trade. The answer then sets forth various judgments against the plaintiff which were at the time liens against the Edina property, and also that there were back taxes against the property.

In the replication the plaintiff denied that the words "at once" were in the written proposition, when

signed by him. He admitted that he failed to send an abstract of title, but he denied that his contract required him to do so. He admitted that there were judgments against the Edina property and that taxes were due thereon, as charged by the defendant, but he averred that at the time the proposition was submitted to the defendant he had notice of the incumbrances, and that he consented that the plaintiff should have until the December term, 1889, of the circuit court of Knox county to pay off and satisfy the same.

At the close of the plaintiff's evidence the court instructed the jury to return a verdict for the defendant, which was accordingly done.

In our former opinion we reversed the judgment on the sole ground that the defendant had failed to plead the statute of frauds. On the second trial the plaintiff amended his petition averring an unconditional acceptance of his written proposition. The defendant, instead of interposing the statute of frauds as a defense, which under his so-called letter of acceptance would have defeated the action, admitted that he accepted, unconditionally, the plaintiff's proposition. His letter, which the plaintiff offered in evidence, reads:

"WA·KEENEY, KAN., Nov. 14, 1889.

"*Mr. E. M. Randolph.*

"DEAR SIR:—After duly considering your proposition, I have concluded to accept the same as per contract, and *as we talked in the presence of Mr. Schultz.* So you can fix deed and abstract and send it to M. D. or Mr. Schultz as we talked, and the sooner the better. We will go to work at once, and get buggies in ship shape. The possibility is we will want the house at once, or very soon.

"Yours respectfully,

"A. C. FRICK."

Under all of the authorities this letter was not an acceptance of the plaintiff's proposal. It contained additional terms, and was therefore a counter proposition. *Robertson v. Tapley*, 48 Mo. App. 239. As a counter proposition it shows on its face that a portion of the contract rested in parol, which, of itself, was sufficient to defeat the present action, if the defendant had seen proper to interpose the statute of frauds as a defense. He did not do so, but chose to rest his defense on other grounds, which, under the record, present questions of some difficulty.

Before we pass to the discussion of the main question, a reference to the condition of the pleadings will clear the case of some seeming difficulties. It can not be doubted that the covenants contained in the written proposition are mutual, and, as they go to the entire consideration, they are dependent. *Butler v. Manny*, 52 Mo. 506; *Turner v. Mellier*, 59 Mo. 526; *Freeland v. Mitchell*, 8 Mo. 487; *Craycroft v. Walker*, 26 Mo. App. 481. As there was no definite time specified in the writing for the performance of the respective covenants, the law required each party to be ready to perform them within a reasonable time after the execution of the agreement. This is the only admissible construction, whether the proposal contained the words "at once," or not. Therefore under the issues as tendered by the petition the plaintiff could not recover, unless he established by his evidence that, within a reasonable time after the making of the contract, he was ready and able to perform his part of the agreement and that he proffered to do so, or that a proffer to perform by him was rendered unnecessary by the absolute refusal of the defendant, within the time, to carry out his part of the agreement. The plaintiff by his replication tendered issues entirely inconsistent with the foregoing. He admitted in the reply that at the time the defendant

repudiated the contract he could not, by reason of the incumbrances mentioned in the answer, make a good title to the house and lot. But he undertook to hold the defendant by engrafting on the written contract other conditions, that is, that the defendant knew of the incumbrances, and that he had agreed orally that the plaintiff should have until the December term, 1889, of the Knox county circuit court within which to clear up the title, and that for this reason the covenants in the contract were not dependent, and that he was not compelled to furnish an abstract of title at all. This was a clear departure, which no system of pleading tolerates. If the plaintiff desired to shift his ground he should have done so by amending his petition. Therefore we must review the plaintiff's evidence as applicable to the issues made by the petition and answer only. This dispenses with the consideration by us of many questions argued in the appellant's brief.

It is argued by plaintiff that, if the oral part of the agreement be rejected, he nevertheless had a reasonable time within which to tender an abstract, and whether that time had expired when the defendant elected to rescind was a question of fact which ought to have been submitted to the jury. This is the only assignment which we need discuss, and the trouble with it is that the point was not raised in the trial court. The plaintiff neither in his pleadings nor in his testimony intimated that he could not have furnished the abstract at the time he sent the deed, but his excuse for not sending it was that, under the oral part of the agreement, he was not bound to furnish it. Upon this ground alone the plaintiff combated the defendant's right of rescission, and under well established rules of procedure he is confined to it in this court.

But, aside from this, there is no merit in the assignment. It is true that what is a reasonable time

for the performance of an act is ordinarily a question of fact to be determined by the jury, but the evidence may be such as to make it a question of law for this court. The plaintiff's evidence shows that he had time, after receiving the defendant's letter of acceptance, to execute and forward a deed. The inference is a fair one that he could have procured and sent an abstract with it. If longer time was required, he should have shown it. This he did not attempt to do, for such evidence would, as we have shown, have been inconsistent with his theory of the case.

The judgment will be affirmed. Judge ROMBAUER concurs. Judge BOND dissents.

### DISSENTING OPINION.

BOND, J.—In the opinion of my associates it is held that each party to the contract in suit had a reasonable time after its acceptance to perform his respective covenants thereunder. This concession, in my opinion, involves the opposite of the conclusion reached by the majority of this court in this case.

I take it to be the incontrovertible law at the present day that, where the promisor, before the time of performance, expressly renounces his contract, the promisee is thereby entitled either to treat the contract as broken and sue at once for its breach without averring offer or readiness to perform, or he may wait until the time of performance has expired, and then sue for the consequences of nonperformance. In the latter case the contract would be kept alive for the benefit of both parties. *Crist v. Armour*, 34 Barb. 378; *New Brunswick & Canada R'y Co. v. Wheeler*, 12 Fed. Rep. 377, affirmed, 115 U. S. 29; *Sullings v. Goodyear Dental Vulcanite Co.*, 36 Mich. 313; *Dambmann Bros. v. Lorentz & Rittler*, 70 Md. 380;

*Oskaloosa College v. Hickock*, 46 Iowa, 237; *Kadish v. Young*, 108 Ill. 170; *Remy v. Olds*, 88 Cal. 537; *Roebling's Sons v. Lock Stitch Co.*, 130 Ill. 660.

It is also well established that the term "reasonable time" is a relative one, and its meaning depends entirely upon the attendant circumstances. *Bryant v. Saling*, 4 Mo. 522; 19 Am. and Eng. Encyclopedia of Law, p. 1089, and notes.

If, therefore, the defendant in the case at bar repudiated his contract *within the currency of a reasonable time*, it necessarily follows that plaintiff had the option of suing at once upon receiving notice of such repudiation, or of awaiting the expiration of a reasonable time (during which the contract would have been treated as subsisting), and then bringing suit for its breach.

The *answer* of the defendant in this case shows that the contract in suit was accepted by him on the fourteenth of November. It also states that on the twentieth of November he rescinded said contract, and gave notice of such rescission to the plaintiff under that date. As his ground for this action, defendant averred that plaintiff informed him (defendant) that it was impossible for plaintiff to furnish an abstract to the property conveyed, which information defendant alleged was given to him when plaintiff tendered a warranty deed to the premises contracted for. He also averred that there were greater liens against the land mentioned in the contract than the amount therein provided for.

In his reply plaintiff denied expressly that he ever gave any such information to defendant as that alleged in his answer, or that defendant, on account of any such information, canceled the contract. The reply further alleged that there were judgments and liens against the land mentioned in the contract beyond the amount therein stipulated for; but that defendant

was fully apprised of the existence of these judgments and liens before his acceptance of the contract sued upon, and that defendant consented and agreed with plaintiff that the plaintiff should have until, and during, the December term of the Knox county court to pay off and satisfy such judgments and liens.

Upon the trial no evidence whatever was offered by defendant, nor is there any in the record, supporting the statement in his answer, to the effect that plaintiff had informed him, defendant, that he could not furnish an abstract of title to the property described in the contract in suit. There was, therefore, no possible ground, under the facts as shown in this record, for the rescission of his contract by defendant (admitted in his answer) as a matter of right, unless it can be held as a matter of law that the expiration of six days from the making until the rescission of the contract, was also the expiration of the time, *i. e.* reasonable time, within which the law required plaintiff to perform the covenants assumed by him in the contract in suit.

As we have seen, what is a reasonable time is to be gathered from the attendant circumstances, by which is meant "a view of all the circumstances of the case, by placing the court and jury in the same situation as the contracting parties were at the time they made the contract; that is, by placing before them all the circumstances known to both parties at the time." *Roberts v. Mazeppa Mill Co.*, 30 Minn. 413; *Ellis v. Thompson*, 3 M. & W. 445; *Cocker v. Franklin, etc. Co.*, 3 Sumn. 530.

In the present action the parties to the contract in question lived in different states at a great distance apart. The subject-matter of their contract was an exchange of real estate for personal property. There was uncontradicted evidence that defendant was

informed by plaintiff, at the time the contract in suit. was drawn up and delivered to a third party, that there was a judgment against plaintiff and other persons as securities, and that he, plaintiff, wanted to settle this judgment at the December term of court; and that he, plaintiff, could not make perfect title until it was settled.

In view of this knowledge on the part of defendant of the situation and circumstances of plaintiff's property at the time of the drawing of the contract between them, and in view of the different abodes of the parties, and all the necessary steps to be taken before the procurement of an abstract of title to the property in question, there is no ground for the theory that the reasonable time given to plaintiff under the law for the performance of his covenants had expired within the six days that elapsed between the acceptance of the contract by defendant and his express repudiation thereof.

Under the facts in this record, what was a reasonable time was a question of fact for the jury, and not a question of law to be decided by the court. As the trial court overlooked this distinction, and assumed to pass on the question of what was a reasonable time, without the aid of a jury, the verdict rendered by its direction was demonstrably erroneous.

In my opinion, the judgment herein should be reversed, and the cause remanded.