# HENDERSON vs. SKINNER.

1. Plaintiff furnished defendant with five hundred dollars, with which, by agreement, he was to enter certain lands for plaintiff. Defendant used only part of the money in entering the lands, and appropriated the balance to his own use. Held, that the plaintiff may recover under the common counts in assumpsit, the amount not so applied, together with six per cent interest thereon, from the time it ought to have been so applied.
2. Where a person sells personal property to another, and after receiving the pay for it, converts the property to his own use, he is liable, under the common counts in assumpsit, to the purchaser for the price paid and interest.

## APPEAL FROM PLATTE CIRCUIT COURT.

### STATEMENT OF THE CASE.

The state of the case from its commencement to the first trial, with the pleadings and judgment, appear in the 10th vol. Mo. Rep. p. 205, and the directions given on the points then before the supreme court, to regulate the future action of the circuit court, where it was remanded.

After a mistrial, the jury not agreeing, at the March term, 1849, a trial came on at the September term, 1849, in which the jury gave a verdict for the appellee for one hundred and fifty dollars in damages.

A new trial was asked for, after setting the judgment aside, which was overruled. A motion in arrest of judgment was made by the defendant, and heard and overruled. Exceptions were taken to all these matters, and the defendant appealed to this court.

In the trial of the cause, the plaintiff gave evidence of an agreement between him and defendant of the 16th of March, 1842, by which Henderson agreed to lease to plaintiff for 29

years, the S. E. qr. of sec. 34, town. 54, range 34, with the proviso, that he could prove up pre-emption on it under the act of 1838 or 1840, without hindering him from proving up under 1841 ; and if he cannot, he warrants against older claims to it until the government sale of it, at public sale. Henderson also covenants to assign to him Barnabas Gabel's lease of the S. W. qr. of same section, range and township; also all his interest (being the north half) of the N. W. qr. of sec. 35 in same township and range, and Henderson was to pay him the rent in wheat he was to get of Bywaters, and two bee stands; also 4950 new rails, and all rails, boards and timbers; also 4000 shingles, cut of timber furnished on the place, with present possession of the houses and lots, with small exceptions of houses and spring lot until first of April thereafter.

Skinner, as consideration, promises $1000 on taking possession ; $1000 on full possession, and $500 on 1st July thereafter; and $500 for entering the lands, at the time of payment, with a penalty on each of $5000 for non-performance.

By mutual act and consent of both parties, the original of this agreement was taken up from one Bywaters, with whom it had been left and burnt, the plaintiff alleging that information from the land office, induced him to believe that his title to the land he had gotten of defendant, would be endangered if the obligation was left in force.

The plaintiff then proved payment on the contract, as follows; 1st. March 21, 1842, $1000 ; 2nd. April 2nd, 1842, $500; 3rd. August 11, 1842, $600; 4th. Sept. 8th, 1842, $400; 5th. June 22, 1843, (to enter land) $202; 6th. Aug. 5th, 1843, (bal. of entry money) $298, amounting in all to $3000.

To the reading of the bond and receipts, objection was made by the defendant, which was overruled and the papers read.

It was proved that the sum of $202 was paid in the land office, for the entry of the quarter in Gable's name, before the destruction of the contract.

The defendant proved that a patent from the U. States had issued to plaintiff, assignee of defendant, of date 1st of April, 1846, for S. E. qr. of sec. 34, town. 54, range 34, of 160 acres. He also proved the execution of a deed, of 1st February, 1844, of Barnabas Gable and wife to plaintiff, for the S. W. qr. of sec. 34, range 34, town. 54 of 160 acres. This deed was made after the destruction of the contract. A duplicate receipt was read for the payment for the same land by Gable, given by the Receiver of Public Lands. Possession of this land was proven in plaintiff, as also that tract in the patent, before and ever since, after the date of the Receiver's receipt, defendant never having been in possession since the date of the contract. The deed of Gable was made at defendant's request, who had long before paid Gable for the lease of 99 years on it. It was proven that the plaintiff consulted his counsel in 1843, showing the original contract, who advised him that the contract was not binding on defendant. That defendant declined entering 80 acres under pre-emption laws of 1838 and 1840, under belief that it would endanger the entry of his own pre-emption of land where he lived, under the act of 1841; but upon his proposition to plaintiff to pay him $98, the whole sum for entry money then due upon the contract, he would risk his own pre-emption, and make the entry for Skinner's benefit of the 80 acres, the north half of the quarter in the contract mentioned. Skinner contended that that sum was only to be paid to make the entry of the Ashworth 80 acres, but in consideration of plaintiff being greatly desirous to secure the lands, which he had much improved, the risk of enforcing his contract, and the inability of the defendant to make good the loss of the money advanced, under the advice of his counsel, he gave the $98 for the defendant's entry of the quarter. It was made, and the certificate assigned to plaintiff. This the counsel thought was a final settlement of the contract. Afterwards, the same fall, a stranger entered upon the land, and set up claim to contest the legality of the contract and the titles acquired under it. By the advice of counsel, the plaintiff and defendant destroyed the contract for the purpose of cancelling it.

It was proven that Jackson Henderson had a pre-emption claim to the Ashworth quarter. His claim was to the south half, not the north. He gave up the land to the State Commissioner,

Leonard, for selection for State purposes, but offered plaintiff to enter the whole quarter, the north half for plaintiff, if he would advance him $100 for his entry of the south half. He refused. Afterwards, one Jack entered the whole quarter. Plaintiff took wheat on the land; hauled rails off the north half of the quarter; affirmed they were defendant's rails; took logs and timber prepared by defendant, and went into the possession of the two quarters immediately after the contract, and has held them ever since. It was proved that Ashworth sold his quarter to defendant. There were rails there to make partition fence. Plaintiff acquired them when Ashworth sold his land to defendant, and he to plaintiff, and they were put up. Possession was given plaintiff under contract with the defendant of the two quarters, and he has held ever since and now resides on it.

The court gave, of its own accord, three instructions, to which the defendant excepted and objected.

The defendant asked five instructions, all of which were refused except the fourth, and exceptions taken.

HAYDEN and TODD for appellants.

1. The plaintiff cannot recover in general indebtitatus assumpsit; hence the 1st, 2nd and 3rd of defendant's instructions ought to have been given. 4 Philips Ev. 119, 120.

2. The plaintiff cannot recover. It is a forbidden contract by the pre-emption laws of the United States, and has in whole or in part been executed. 9 Mo. Rep. 259; 10 Mo. Rep. 205; 15 Wend. 412; 6 Cowen 431.

3. The money (i. e. the $98) was paid in full settlement of the contract, voluntarily, with full knowledge of the rights of the parties and of the facts, and cannot be recovered back. 4 John. R. 240; 2 Richardson's Rep. 317; 3 Marsh, 338.

RYLAND, Judge, delivered the opinion of the court:

This case was brought up to this court before, by Skinner, who was non-suited, and the facts and points then decided, with directions for future proceedings, may be seen as reported in 10 Missouri Rep. 205.

We adhere to the decision then made, and adopting it for our government herein, shall proceed to notice only the points now arising from the instructions given by the circuit court. From these instructions, the case turned alone upon two grounds.

1st. instruction. "The court instructs the jury, that if plaintiff furnished defendant five hundred dollars, to be applied by defendant to the entry of land, for the benefit of plaintiff, and defendant so applied only four hundred and odd dollars, then plaintiff is entitled to recover what was not so applied, together with interest thereon at six per cent, from the time it ought to have been so applied.

2nd. instruction. "If the plaintiff paid defendant for rails sold by defendant to plaintiff, and defendant afterwards made use of such rails for his own benefit, he is liable to account to plaintiff therefor, and if he has not heretofore so accounted, plaintiff is entitled to recover in this action.

3d. instruction. "If the plaintiff fails to make out a case, upon the foregoing instructions, they will find for the defendant.

The jury found for the plaintiff for one hundred and fifty dollars damages.

From the facts in this case it appears, that Skinner, the plaintiff, and Henderson entered into a contract for two quarter sections and a half quarter section of land, making in all five eighty acre tracts. That Skinner paid a large amount of money to Henderson, and was, when the lands could be paid for at the land office, to advance the purchase money to Henderson, in order to enable him to pay for the lands; also bought the quantity of rails on the land, at the time from Henderson.

It appears that after Skinner got possession of a part of the lands contracted for, that is four of the five 80 acre tracts, there was some fear entertained that he might lose the lands and his improvements too, as the contract between him and Henderson has an endeavor on their part to evade the pre-emption laws of the United States. These persons, Skinner and Henderson, were told that this contract was not a valid one. They then, mutually fearing the consequences of their illegal agreement, agreed to burn the same. It was taken out of the depository's possession and burnt. Henderson never bought or paid for the other 80 acre tract; left Skinner with the four eighty's, and from the evidence, it appears, he used for his own benefit, rails which he had sold to Skinner. Three thousand dollars, including the money to enter lands with, were the consideration passing from Skinner to Henderson.

It seemed to be the object of the plaintiff, by the instructions which he prayed the court to give the jury, to recover of the defendant in this action, the pro rata consideration of the 80 acre tract, which Henderson, by the agreement, sold to the plaintiff, but which, although the money to purchase it, at the land office, had been advanced by plaintiff to him, he yet failed to purchase for plaintiff. That is, the one fifth part of the three thousand dollars, equal to six hundred dollars, and to recover the interest of the same at six per cent.

Defendant, by the instructions which he asked the court to give, contended against the plaintiff's right to recover in the present form of action. He relied on the contract being executed on the part of the plaintiff, and although he had only managed to execute it on his part so as to convey the two quarter sections, or the four of the five eighty's, still he held that the burning of the original agreement, did not authorize the plaintiff to recover of him in this form of action.

The instructions asked by the defendant, and which the court refused to give, we consider were properly refused. The 4th instruction for the defendant, was given, which is as follows: "If the jury believe from the testimony, that a question arose at the land office, as to the payment of the $98 or $100, between plaintiff and defendant; the defendant claiming the payment of that sum under the agreement, and the plaintiff contending that he ought not to pay it; and the plaintiff paid it with a full knowledge of the facts, and the contract was otherwise executed on the part of the defendant, then plaintiff cannot recover for the $98 or $100, as the amount may be; they will find for the defendant."

This instruction gave the benefit of the agreement so far as the payment of the $98 by plaintiff, to the defendant; if he, defendant, had performed his part of the agreement. We will not complain of this instruction.

From a full view of the whole case, as appears before us upon the bill of exceptions, we find no grounds for any just cause of complaint by the defendant Henderson.

The instructions given to the jury by the court, of its own motion, only make Henderson liable to plaintiff, if the jury shall believe he had received five hundred dollars to enter the lands with for plaintiff, and had only entered four hundred and odd dollars worth, then he is liable for the difference with six per cent. interest; and if he had sold rails to plaintiff, been paid for them, and afterwards used and converted the rails to his own use.

We find no reason for the defendant to object to these instructions. They place the case very favorably for him before the jury, We are not so sure, but that, under the principles laid down in this very case, when before this court heretofore, the circuit court might have suffered very properly, a recovery against the defendant, for a failure to refund the amount, pro rata, of the 80 acre tract, which defendant originally contracted with plaintiff to convey to him.

At all events, we feel no disposition to distrust this finding of the jury. The defendant has no right to complain. From the small amount of the verdict, the jury may have only designed to make defendant pay for the rails, which he converted to his own use; saying to the witnesses, that they were the plaintiff's rails, but he reckoned the plaintiff did not know it ; a poor excuse to satisfy any honest man's conscience.

Let the judgment be affirmed.

Judge BIRCH, having been of counsel for the court below, did not sit in this case.