OMER, Respondent, v. ST. LOUIS & HANNIBAL RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 19, 1907.

PRACTICE: Harmless Error. The exclusion of unimportant testimony by the trial court, even if erroneous was harmless where the same testimony was, subsequently in the trial, admitted in evidence.

Appeal from Ralls Circuit Court.—*Hon. David H. Eby*, Judge.

AFFIRMED.

*Roy & Hayes* and *J. D. Hostetter* for appellant.

*T. E. Allison* and *J. O. Allison* for respondent.

NORTONI, J.—The plaintiff was a passenger on defendant's train. He, with three or four others, were seated in the baggage car with the consent and acquiescence of defendant, the baggage car being used by the defendant as a smoker for the accommodation of its passengers. At a point on defendant's road between the cities of Hannibal and New London, where the railroad embankment is from four to six feet in height, the car on which plaintiff was being conveyed was derailed and overturned down said embankment, whereby plaintiff was slightly but not seriously injured. The evidence tends to prove that he was thrown down on the floor of the car among certain boxes, chicken-coops and rubbish therein and that his wrist and right knee were bruised and the skin thereon abrased. He was unable to prosecute his work, that of a farmer, for some four or five days. It seems that his back was wrenched and injured slightly so that when he resumed his farm duties, it pained him to move around or to assume certain positions, etc. He employed no physician although the doctor attending his aunt, who was also injured in the same wreck, she being a passenger in another car, gave him a casual examination and advised that he apply linament to his back, which he did. The defendant strenuously denies that the plaintiff was injured at all, and this denial of the injury was the only defense to the action. There was some evidence on either side of the question. The jury found the issues, however, for the plaintiff and assessed his damages at $75.

We find substantial proof in the record sustaining the allegation of plaintiff's injury and in support of the verdict. In support of its position that plaintiff was not injured, the defendant sought to show by one Howard who was in the baggage car with the plaintiff at the time of the accident, that immediately upon the plaintiff and the others arising from the mix-up of chicken-coops, boxes and rubbish, Howard inquired: "Are any of you

boys hurt?" or something to that effect, and that some one answered "No." On objection of plaintiff's counsel, the court excluded this answer, it not appearing that plaintiff made the reply. The defendant argues that this question by Howard addressed as it was to the several parties, plaintiff among them, and answered in the negative by one of the party, was an admission of the plaintiff to the effect that he was not injured, inasmuch as he acquiesced in or at least did not controvert, the answer given. The defendant urges this ruling as error, and asks the court to reverse the judgment therefor. The precise evidence on the matter as given by Howard, is: "Well, when the car landed, I turned around and asked, I says: 'Boys, is there any of you hurt?' and some one answered and said 'No' and I did not hear any complaint of any one." As said, the plaintiff moved that this answer be stricken out "because it does not show that the plaintiff made the reply," and thereupon the answer was stricken, to which ruling an exception was taken by the defendant. The witness continued that the only persons in the car at the time were the plaintiff, witness, one Faque, and the baggage man; that both his question and the reply thereto were audible and distinct so that any or all of them could hear what was said, and repeated: "I just looked around and says: 'Boys, are any of you hurt?' and some one answered, I don't know who it was, saying, 'I think not.'" This latter answer was also stricken out by the court on plaintiff's motion, and exception was taken by the defendant. The argument advanced is that this answer, in the presence of the plaintiff, which he at least did not repudiate, was an admission on his part that he had received no injury and that the ruling striking it from the record was prejudicial error. We are not impressed with this argument. Whatever may be said of the value of such answer, under the circumstances stated, when made by a third party, we feel quite certain that had the answer been made by the

plaintiff himself, in what may be said to be the very midst of the calamity, it could not have very great probative force in the minds of the jury, under the circumstances of this case, when measured by subsequent developments, for it appears in proof that the plaintiff frankly admitted on the stand a few moments after the wreck, he replied to another question by the conductor of the train that he was not injured. Indeed, it is a matter of common knowledge, and we all know that an ordinary man, immediately upon regaining his feet, in a railroad catastrophe of sufficient magnitude to overturn the car in which he is riding, would answer "No" to such a query unless he had received some serious or quite painful injury. The ordinary individual, under these circumstances, upon discovering that he had passed through the ordeal without a broken arm, leg or neck, would almost involuntarily exclaim: "I am not hurt" even though he were quite painfully, but not seriously, otherwise injured at the time. The probative force of such evidence would depend largely, too, upon the sense in which the question and answer is made. It is certain that when Howard inquired: "Are any of you hurt?" he was not seeking, nor was he caring, for information with respect to a skinned wrist or knee or slight bruises, for such injuries scarcely count in such catastrophes. What Howard manifestly had in mind is, was any one hurt sufficiently to need assistance, for he says he turned at once and went out, from which the inference arises he need no longer remain as his presence was not required to alleviate suffering. Those to whom the inquiry was addressed, certainly understood him to inquire respecting such injuries as might call for assistance and relief. As said, the plaintiff was quite frank in admitting on the witness stand that a few moments after, when the conductor inquired if he was injured, he said "No," meaning thereby that he was not seriously injured, and in this situation of affairs, it does

not seem that the ruling of the court striking out the answer of Howard would have been very prejudicial at any rate, and to work a reversal, the error must have been such as to materially affect the merits of the case. But all of this is entirely beside the case as presented for it appears in the cross-examination of the witness Howard that he stated the same facts in substance as those stricken out, and it is therefore entirely unnecessary to give an opinion on the proposition as to whether the ruling of the court in striking out the answer in the first instance was error or not, and on that question no opinion will be given, inasmuch as on cross-examination the following question was propounded and the following answer given by the witness, which covers the whole matter: "Q. And just after the wreck you saw them down? A. I saw them there like a kind a mix-up there, with the rubbish. Never noticed particular. I says: 'Boys, are any of you hurt?' just asked them generally, and the answer was 'No' and I turned and got out of there." This answer was made and there was no objection thereto. It was not stricken from the case and it stands in the record before us with all its force unchallenged and whatever of error there was in the first ruling of the court on the subject, if error at all, is thus cured by the answer on cross-examination. Indeed, this is a trivial matter on which to prosecute an appeal, and even though the ruling striking out the answer was technical error, it would become the duty of this court to affirm the judgment on the ground that it was error not materially affecting the merits of the controversy. Our statute, which is too frequently overlooked by the courts, is directly in point both in its letter and spirit. The statute is as follows:

"The Supreme Court, or Courts of Appeals shall not reverse the judgment of any court, unless it shall believe that the error was committed by such court against the

appellant or plaintiff in error, and materially affecting the merits, of the action."

See also Ghio v. Beard, 11 Mo. App. 21; Heer D. G. Co. v. Citizens Railway Company, 41 Mo. App. 63; Woody v. St. L. & S. F. Ry. Co., 104 Mo. App. 678, 78 S. W. 658; Porter v. Harrison, 52 Mo. 524. There was certainly no error in this case which materially affected the merits of the case and if there were, it was cured by the subsequent admission of the testimony on cross-examination. The judgment will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.

BLAND, P. J., concurring.—I concur for the reason Howard's evidence was inadmissible. Plaintiff was under no obligation to answer Howard's inquiry and there is no evidence that he did answer it.