ELWOOD DRURY, Respondent, v. E. R. MICKEL-
BERRY, Appellant.

Kansas City Court of Appeals, June 13, 1910.

CONTRACT OF SALE: Performance: Abstract of Title.  M, by
    contract in writing, agreed to convey to D a tract of land at
    a future date by warranty deed and was to furnish a complete
    abstract of title.  D paid him $1500 on the purchase and was
    to pay $3500 more and assume a mortgage then on the land for
    $8500.  On the day when M was to convey, he did not have the
    legal title, the deed from his grantor being held in escrow
    until he made payments for his grantor, and the abstract
    of title then offered to D not showing title in M nor whether
    there were liens which could attach to the land in his or
    his grantor's hands, it was held that D could properly re-
    fuse to complete the purchase, and that he could recover back
    the money he paid on the purchase.

Appeal from Bates Circuit Court.—*Hon. C. A. Denton,*
Judge.

AFFIRMED.

*M. T. January* for appellant.

Before a vendee can sue to recover money paid on
a land contract, he must put the vendor in the wrong
by tendering full payment.  Abbott v. Draper, 4 Denio
51.

*Scott & Bowker* for respondent.

(1)  Even under the testimony of the appellant
which is just the opposite of the testimony of the re-
spondent, there was no waiver of the terms of the con-
tract in this case.  Boulware v. Crohn, 122 Mo. App.
571; Burns v. Freling, 98 Mo. App. 267.  (2)  Where
a vendor repudiates his contract or refuses to do that
which is required of him at the time specified, the ven-

dee has a right to rescind. Montgomery v. Wise, 138 Mo. App. 176; Carrabine v. Cox, 136 Mo. App. 370. (3) Where a vendor contracts to furnish an abstract of title, it means a record title in the vendor and a failure to furnish such abstract amounts to a breach thereof. Thompson v. Dickerson, 68 Mo. App. 535; Bruce v. Wolf, 102 Mo. App. 384. (4) Where a vendor has not perfected his title and is not in a position at the time required to comply with his contract, he cannot claim a forfeiture of the money deposited by the vendee. Wells-Fargo Co. v. Page, 3 L. R. A. (N. Y. S.) 103.

ELLISON, J.—Defendant, by his written contract dated the 28th of May, 1907, sold to plaintiff a tract of land in Vernon county, Missouri, for thirteen thousand five hundred dollars. There was a deed of trust on the land for eight thousand five hundred dollars, which plaintiff was to assume. Defendant was to furnish a complete abstract "brought down to date, showing good merchantable title." Payments were to be made to defendant as follows: Cash, five hundred dollars; one thousand dollars September 1, 1907; and the remainder, three thousand five hundred dollars, on March 1st, 1908. On payment of the last mentioned sum, defendant was to execute to plaintiff a good and sufficient warranty deed.

The abstract was to be furnished to plaintiff by July 1st, 1907, and the payment of one thousand dollars was not to be made unless good title was shown. It seems that a proper title and abstract could not be furnished July 1st, but plaintiff nevertheless paid the second payment of one thousand dollars, and time to perfect the abstract was extended to March 1st, 1908, when the third payment was to be made.

It appears that one Bales, a resident of California, owned the land and that defendant only had a contract for it whereby Bales, upon the payment of balance of purchase price, was to convey to him the land, subject

to the deed of trust for eighty-five hundred dollars. A deed from Bales to defendant was held in escrow by a bank in Nevada. The parties met in Nevada on Monday, March 2d, 1908, and an abstract was presented which only showed title in Bales. But there was evidence showing that plaintiff was told of the Bales deed held by the bank. The sale was not consummated and the parties do not agree as to why it was not.

Afterwards defendant complied with the terms of the deposit of the Bales deed in the bank, and recorded it on the 11th of April, 1908, and then sold it to one Welch, who, it seems, was connected more or less in business with defendant.

From the foregoing it will be seen that defendant has the two first payments made to him, plaintiff, amounting to fifteen hundred dollars, and that plaintiff has nothing in return.

It is difficult to understand how defendant can justify himself in keeping both the land and money. In the first place he contracted the land to plaintiff several weeks before he had any kind of ownership in it, and it is a plain inference from the evidence that he intended to use the money obtaind and to be obtained from plaintiff, in getting a deed from Bales, the legal owner. The deed of trust for $8500, which he guaranteed should run for two years, was at that time past due and liable to be foreclosed at any time. We think the only fair interpretation of that part of the contract, in view of the surrounding circumstances and situation of the parties at that time, was that defendant would show that the deed of trust would not be due for that length of time on its face, or that if due, he would have a valid extension of time made from the holder. The contract was made in another State where the deed of trust could not be seen, and he stated to plaintiff that he did not know when it would be due, but he would guarantee that it would run two years. It seems manifest that it was not the intention for

plaintiff to merely take his personal agreement for reimbursement in case of disaster and the foreclosure of the deed. It meant, as we have just stated, that when the deal came to be closed up, it would be shown that the loan secured by the deed of trust would not be due for two years, or that it would be extended for that time.

But however that may be, there is an insurmountable defect in defendant's defense on other considerations. He contracted to present plaintiff with a complete abstract showing title in himself. This abstract, of course, must be presented, examined and found sufficient before plaintiff could be required to accept his deed. It is true that prior to the day for closing up the sale it had been examined and found sufficient down to Bales, but without any title whatever in defendant. Though plaintiff may have known that Bales's deed to defendant was in escrow at the bank, that would not excuse defendant from not having taken it out of escrow and having it recorded. It was not plaintiff's duty to do that, nor was it the contract that he should furnish the money with which defendant might do it. But more than that, even if plaintiff did know that the Bales deed was in the bank and that defendant could get it, he did not know what liens or incumbrances might be against the land in Bales's hands. The abstract not being brought down to the date of the proposed conveyance to plaintiff, the latter could not know what liens might attach against the land in the hands of defendant. There was nothing to show whether judgments or other claims existed against defendant.

"Where an abstract of title furnished by a vendor to a vendee under a contract of sale does not connect the vendor with the title, but shows it to be in a third person, the vendee may properly refuse to comply with the contract of sale, though a sufficient deed to the vendor is afterwards exhibited to the vendee, since the absence of the vendor's name from the abstract does not

show whether any conveyances have been made by the vendor, or any judgments recovered against him, or any other facts which would affect the title as to him." [Union Safe Deposit Co. v. Chrisholm, 33 Ill. App. 647.]

The authorities cited by defendant do not meet the facts shown in the record. In our opinion the merits are altogether in favor of the plaintiff, and the judgment for the right party. It is therefore affirmed. All concur.