## D. G. SIDEBOTTOM, Respondent, v. M. E. SIDEBOTTOM, Appellant.*

In the Kansas City Court of Appeals, November 5, 1923.

1. **MONEY HAD AND RECEIVED:** Pleading: Petition Held to State a Good Cause of Action for Money Had and Received. Where petition alleged that defendant received money belonging to plaintiff and his brother, for purpose of buying an interest in land, under an agreement that money was to be placed in a bank and held in escrow until abstract of title, showing a good, merchantable title to land in some party as trustee for all owners, was furnished, which was to be within a reasonable time, that defendant failed to comply with the agreement and that he converted the money to his own use, *held* not to state a cause of action for damages for breach of contract, but one for money had and received.

2. ———: ———: Allegation That Defendant Converted Money to His Own Use May be Disregarded as Surplusage. In an action for money had and received, an allegation that defendant converted money to his own use may be disregarded as surplusage.

3. ———: Demand: Where Defendant Received Money as Trustee and Abused His Trust by Misappropriating the Same, no Demand Therefor was Necessary Before Bringing Suit. Where defendant, as trustee

215 Mo. App.—33.

tee, received money from plaintiff with which to buy land and defendant abused his trust by misappropriating the money, no demand was necessary to be made for return of money before bringing suit therefor.

4. ———: Tender: Where Thing Delivered as Part Performance was not What was Contracted for, Plaintiff Could Bring Action for Money Paid on it Without Re-delivery or Tender of What Had Been Delivered to Him. Where a declaration of trust was made by defendant in favor of plaintiff as to property purchased under an agreement with plaintiff, which was not the thing plaintiff contracted for, he may bring an action for the money he paid on the contract without re-delivery or tender of what had been delivered to him.

5. ———: Pleading: Unnecessary to Plead Title Defective Where Such Question Would not Arise Until Contract was Shown to Have Been Complied With. Where petition alleged that no abstract was delivered to bank, in accordance with contract had with defendant to purchase interest in land for plaintiff, and no deed conveying the title to a trustee had been made, as the question as to whether title was defective would not arise until the contract had been complied with, it was not necessary to plead that the title was defective.

6. ———: Question of Defective Title Arose When Claim was Made That There was a Substantial Compliance with Terms of Contract. In an action for money had and received paid defendant by plaintiff to purchase interest in land, the question of whether title thereto was defective arose when the claim was made by defendant that there was a substantial ompliance with the terms of the agreement.

7. ———: Where Plaintiff Showed no Compliance with Terms of Contract, the Burden was Then upon Defendant to Show Substantial Compliance. Plaintiff made out a cause of action for money had and received when he showed that there was no compliance whatever with the terms of contract, and the burden was then upon defendant to show a substantial compliance.

8. APPEAL AND ERROR: If Judgment can be Sustained on Any Theory, it is Duty of Appellate Court to Uphold it. Where no declaration of law or finding of fact was given or requested, the theory on which the trial court decided the case is not before the court, but if the judgment can be sustained on any theory, it is the duty of appellate court to uphold it.

9. PRINCIPAL AND AGENT: Failure to Furnish Abstract Showing Good, Merchantable Title Held not Substantial Compliance with

Contract to Buy Land. Where it was defendant's duty, under his contract with plaintiff, to buy a good, merchantable title to certain land, failure of abstract of title to show such a title was evidence that the contract had not been substanially complied, with, though defects in title had not been pointed out.

10. ———: Failure to Furnish Abstract Showing Good, Merchantable Title in Defendant, as Trustee, Held not Substantial Compliance with Contract to Purchase Interest in Land for Plaintiff. Where abstract showed title to property in defendant individually, and lacked eight months of having been brought down to time he made declaration of trust, *held* failure to comply with contract to buy interest in land for plaintiff in that defendant failed to furnish abstract showing good, merchantable title in himself, as trustee, for all owners.

11. ———: Where Time Was not Essence of Contract, Defendant Was Required to Perform Within Reasonable Time. Where defendant, under contract to purchase land for plaintiff, failed to obtain good, merchantable title in someone as trustee for all owners, defendant could not perform at any time by having record title corrected or defects in title quieted, but was required to perform within a reasonable time.

12. ———: Where More Than Three Years Had Elapsed Since Entry into Contract to Purchase Interest in Land, Court Was Justified in Finding That a Reasonable Time for Performance Thereunder Had Expired. Where defendant, under contract to purchase interest in land, did not have record title corrected or defects in title quieted and more than three years had elapsed since the contract of purchase was entered into, the court was justified in finding that a reasonable time to comply with contract had long since expired.

13. MONEY HAD AND RECEIVED: Damages: Where Defendant Failed to Comply with Contract, it Was not Necessary for Plaintiff to Prove Damages in Order for Him to Recover Money Paid Defendant. In an action for money had and received, where it was claimed that no damages had been shown by failure of defendant to comply with his contract to purchase interest in land for plaintiff, *held* it was not necessary for plaintiff to prove damages in order for him to recover money paid defendant.

14. JOINT ADVENTURES: Majority of Owners under Contract to Purchase Interest in Land Held not Authorized to Determine Terms of Purchase or Kind of Title to be Shown in Abstract. Where under a contract for purchase of interest in land, a majority of owners had right to consent to method of handling, selling and developing the land after it had been purchased, *held* not to authorize majority to determine terms of purchase or kind of title to be shown in abstract.

15. **MONEY HAD AND RECEIVED:** Even if Defendant Was to Purchase Oil Land for Speculation, it Would not Affect Plaintiff's Right to Recover Back Money Paid Him, Where Defendant Did not Carry out Terms of Contract. Even if land to be purchased was oil land and bought for speculation purposes, it would not affect plaintiff's right to recover back money paid defendant, where defendant did not carry out terms of contract.

---

*Headnote 1. Money Received, 27 Cyc, p. 851 (1926 Anno); 2. Money Received, 27 Cyc, p. 878; 3. Money Received, 27 Cyc, p. 872; 4. Money Received, 27 Cyc, p. 871; 5. Money Received, 27 Cyc, p. 879 (1926 Anno); 6. Money Received, 27 Cyc, p. 880; 7. Money Received, 27 Cyc, p. 882; 8. Appeal & Error, 4 C. J., Section 2556; 9. Agency, 2 C. J., Section 387 (1926 Anno); 10. Agency, 2 C. J., Section 387 (1926 Anno); 11. Agency, 2 C. J., Section 387 (1926 Anno); 12. Agency, 2 C. J., Section 387 (1926 Anno); 13. Money Received, 27 Cyc, p. 880; 14. Joint Adventures, 33 C. J., Section 47 (1926 Anno); 15. Money Received, 27 Cyc, p. 862.

Appeal from Circuit Court of Linn County.— *Hon. J. E. Montgomery*, Judge.

AFFIRMED.

*H. J. West*, for respondent.

*Bresnehen & Burns* for appellant.

BLAND, J.—This is an action for money had and received. The case was tried before the court without the aid of a jury resulting in a judgment in favor of plaintiff in the sum of $1183.32. Defendant has appealed. The suit was brought in two counts, each to recover the sum of $500 and interest; the first count was to recover the sum of $500 paid by plaintiff to the defendant and the second to recover a like sum paid by plaintiff's brother to the defendant, the brother having assigned his cause of action to plaintiff.

Defendant is a cousin of plaintiff and his brother who live in the neighborhood of Meadville, Missouri. Defendant had formerly lived in that place but several years prior to the occurrence out of which this suit arose moved to the State of Texas where he now lives. On the

4th day of November, 1919, defendant came to Meadville and interested his cousins and their father in a tract of one hundred acres of land in Texas, near which the defendant lived. It was finally agreed that the three relatives would buy an undivided one-fortieth interest each in the land. Thirty-six other persons agreed to purchase various interests in the land so that defendant, his uncle and two cousins with the thirty-six other persons were to acquire the whole interest in it. The tract was to and did cost $20,000, therefore, one-fortieth interest therein amounted to $500.

On November 4, 1919, the following contract was entered into between defendant and one Swift on the one hand and plaintiff on the other, and a similar contract between defendant and Swift and plaintiff's brother:

"Lubbock, Texas, Nov. 4, 1919.

"Received of D. G. Sidebottom the sum of $500 in payment of an undivided one-fortieth interest in 100 acres of land out of Survey No. 819, T. E. & L. Co's Surveys in Shackelford County, Texas, which money is to be deposited in the Citizens National Bank at Lubbock and held by said Bank in escrow until abstract of title showing a good and merchantable title to said 100 acres and deed therefor to some party as trustee for all owners is properly executed and placed in said Bank.

"It being agreed and understood that when said land is purchased the methods of handling, selling or developing same is to be decided by a majority in interest of the owners thereof.

"C. D. SWIFT,
"M. E. SIDEBOTTOM."

Immediately after interesting his cousins in the purchase of the land defendant returned to Lubbock, Texas, and ten days later a deed was executed by the owners of the land to defendant. Defendant, however, failed to comply with the terms of his agreement in purchasing the land. Instead of the money being held in the bank in escrow until an abstract of title and deed to the land

to some party as trustee had been executed and placed in the bank for the owners, the money was drawn out by the defendant and used to purchase the land and the title was taken in his own name. No abstract of title was ever in the bank but one was delivered to defendant's attorney, who was also attorney for the other parties interested except plaintiff and his brother and father. This deed to the defendant was executed on November 14, 1919, and was immediately recorded. However, a deed correcting the description of the land was executed to defendant on March 27, 1920, and recorded four days thereafter. The title to the property remained in the defendant until July 17, 1920, when he made a written declaration of trust in favor of the parties interested in the land, including plaintiff and his brother. When the original deed to defendant was made and recorded it was left in the hands of Wilson, the attorney, together with the abstract. Wilson advised that it would be impracticable to handle the land if the deed showing the forty interests was recorded, so all of the shareholders except the plaintiff and his brother and father directed that the deed be not recorded and that the abstract and both deeds to defendant and the declaration of trust be left with Wilson under the control of the shareholders whom he represented.

No declaration of trust or abstract was ever delivered to the bank. The abstract that was left with Wilson was certified down to November 20, 1919, and at the time of the trial showed absolute title in defendant. Defendant never notified plaintiff or his brother that he had not carried out his agreement with them, nor did they communicate with defendant with reference to what he had done. The record fails to show when plaintiff and his brother discovered that defendant did not carry out the terms of his contracts, but, of course, they knew of it when the suit was filed. The abstract of title did not show a good, merchantable title in defendant's grantor. It purports to show a release of vendor's lien

notes which had been given to one Laura G. H. Torrence. The release purports to be made by her administrator but there is nothing to show that she was dead and, of course, whether she left a will, or that the appointment of an administrator had been made or that the person purporting to act as such was such in fact.

Shortly before the trial of this case the declaration of trust was sent to Missouri by Wilson to one Tharp with directions that plaintiff be permitted to see it, and it was in court at the time of the trial in the hands of defendant's attorney who tendered it into court "to be done with as this court says to be, recorded or otherwise." Defendant testified that he had been ready at all times to record the declaration of trust and place it, the other deeds and the abstract in the bank at Lubbock or any other bank "as a majority of the shareholders might designate." The court refused a number of offers of proof that defendant made, to which action of the court defendant now complains. The evidence being undisputed, for the purpose of this case we have stated the facts as though the offers of proof had been admitted.

The first count of the petition alleges that plaintiff gave defendant the sum of $500 in payment of an undivided one-fortieth interest in the land under an agreement with the defendant and Swift that the money was to be placed in the bank and held in escrow until an abstract of title to the land should be obtained and placed in the bank showing a good, merchantable title to the land in some party as trustee for all the owners thereof; that by the terms of the written agreement, which was filed and marked as an exhibit, "it was provided that said money was to be deposited in said bank at once, and the title acquired in said land and the abstract showing such title deposited in said bank within a reasonable time;" that—

". . . neither the defendant nor the said C. D. Swift has ever caused the title to said land to be conveyed to any party as trustee for all the owners thereof

nor deposited an abstract in said bank as provided in said contract, although a reasonable time for doing so has long since expired; that the defendant has converted said money to his own use, and that plaintiff has been damaged thereby in the sum of $500 with interest thereon from the 4th day of November, 1919, at the rate of six per cent per annum. . . .

"Wherefore, by reason of the premises, plaintiff prays judgment against the defendant for said sum of $500 with interest thereon at the rate of six per cent per annum from said 4th day of November, 1919, with costs."

The second count alleges the same matter except it was founded upon the agreement made with plaintiff's brother and alleges the assignment of his cause of action to plaintiff.

Defendant insists that the action is one for breach of contract and that plaintiff can recover only the actual damages sustained. In this connection it is said that there is no allegation in the petition or proof that plaintiff or his brother suffered any loss by reason of the fact that the land was purchased with the money instead of the money remaining in escrow in the bank until after it was purchased and the other conditions of the agreement complied with, or that plaintiff or his brother suffered any loss by reason of the fact that the deed and abstract did not remain in the bank but were delivered to Wilson, the attorney; or that the deed of trust was not recorded and left in the bank instead of being left unrecorded in the hands of Wilson. It is true that the petition does not so allege and, therefore, it does not state a cause of action for damages for breach of contract, but we think it does state a good cause of action for money had and received. It states what the agreement was between the parties and alleges facts showing a trust relation between plaintiff, his brother and the defendant; it states that the agreement was not complied with in any respect and asks the recovery of the amount of money that had been advanced to the defendant, with interest.

The petition alleges facts showing that defendant had received money belonging to plaintiff and his brother which he agreed to appropriate for a specific purpose, but that he failed to do so and that in equity and good conscience he ought to pay over and return the money to plaintiff. This was sufficient. [27 Cyc. 862; Colville v. Besly, 2 Denio's (New York) 139; Henderson v. Skinner, 13 Mo. 99; Keane v. Beard, 11 Mo. App. 10; Ghio v. Beard, 11 Mo. App. 21; 2 R. C. L., p. 780.] The allegation that defendant converted money to his own use may be disregarded as surplusage. (Antonelli v. Basile, 93 Mo. App. 138; Waiters' Benevolent Association v. Cella, 223 S. W. 444.)

It is true that the petition does not allege nor does the evidence show that before the suit was brought a demand for the return of the money was made, but under the circumstances a demand was not necessary. " . . . where one receives money as trustee and does nothing amounting to an abuse of the trust or inconsistent with the understanding or agreement of the parties, he is not liable in an action for money had and received without a previous demand. Where, however, there has been an abuse of the trust no demand is necessary." (27 Cyc. 872.)

The petition does not offer to tender what plaintiff and his brother actually received. There is no evidence that plaintiff or his brother knew until plaintiff got into the trial of this suit that defendant had made a declaration of trust in their favor. During the trial of the suit plaintiff tendered to the defendant a deed conveying to defendant the interest of himself and his brother in the land but this offered was refused. We do not think that tender in this case was necessary. Where a party desires to rescind a contract he must restore or return what has been received in part performance, but where the thing delivered as part performance is not what was contracted for, but a different thing, he may bring an action for the money he paid on the contract without re-delivery or tender of what has been delivered to him. [Col-

ville v. Besly, supra; 27 Cyc. 871.]  Of course, under the allegations of the petition no tender would have been required in any event, because nothing is alleged to show even part performance.  The facts are alleged showing that defendant wholly failed to perform his agreement.

Of course, it was not necessary for plaintiff to plead, as defendant claims, that the title procured by the defendant was defective.  The petition alleges that no abstract was delivered to the bank in accordance with the contract and no deed conveying the title to a trustee for all of the owners had been made.  The question as to whether or not the title was defective would not arise until the abstract was placed in the bank showing title in someone as trustee for plaintiff and his brother.  This question did arise when the claim was made by the defendant that there was a substantial compliance with the terms of the agreement.  Plaintiff admits that if there was such a substantial compliance, he would not be entitled to recover.  Plaintiff made out a cause of action when he showed in his petition that there was no compliance whatever with the terms of the contract.  The burden was then upon the defendant to show a substantial compliance.

No declaration of law or finding of fact was given or requested.  In this situation the theory on which the trial court decided this case is not before us but if the judgment can be sustained on any theory, it is our duty to uphold it.  [Waiters' Benevolent Association v. Cella, supra.]  We think that defendant entirely failed to show that his contract was substantially complied with.  Plaintiff admits that failure to have the abstract in the bank may not be important, but claims that the abstract that was placed in the hands of Wilson, defendant's attorney, did not comply with the contract in other and important aspects hereinafter to be noted.  Defendant insists that the contract contemplated that he should determine whether the abstract showed a good title or not when he purchased the property, but there is nothing in

the record to bear out this contention. There was no provision in the contract that plaintiff or his brother were to be given an opportunity to examine the abstract as furnished and report any defects, if any, nor do we think that this action was contemplated. Defendant agreed to purchase a good, merchantable title. His duty was therefore, to acquire such a title. We think he is in a position similar to one who agrees to convey a good title upon demand. Under such circumstances the seller must have such a title when demand is made, and the seller is not required to point out defects in the title tendered. [Gregory v. Christian, 42 Minn. 304.] It was, therefore, defendant's duty under his contracts to buy a good, merchantable title and his abstract should have shown such a one before he spent plaintiff's money in the acquisition of the land.

Not only this, defendant has wholly failed to comply with his contract in that he has failed to furnish an abstract showing a good, merchantable title in himself as trustee. The abstract goes no further than to show the title to the property in himself individually and lacks eight months of having been brought down to the time that he made his declaration of trust. The title is not only shown to be defective in the particulars that we have pointed out but no complete abstract has been made so that one could determine whether or not the title was actually in defendant at the time he made the declaration of trust or whether it had not been affected by liens and incumbrances arising since the date of the abstract. [See Davis v. Fant, 93 S. W. 193; Drury v. Mickelberry, 144 Mo. App. 212.]

But it is insisted that all defendant is required to do is to have the record title corrected or if there is a defect in the title to have it quieted; that time was not the essence of the contract and that defendant could at any time comply with his agreement. Whether or not under the circumstances in the case defendant had the right to do these things we need not say, for this suit was filed

on December 29, 1922, more than three years since the contract was entered into, and, at most, all that the defendant would have would be reasonable time in which to comply with his contract. Of course, the court sitting as a jury under the circumstances could have found that a reasonable time to comply had long since expired. [39 Cyc. 1332; 27 R. C. L. 317; Randolph v. Frick, 57 Mo. App. 400.] It would seem that defendant has put it beyond his power to comply with the contract in respect to furnishing an abstract showing title to the land in a trustee for plaintiff and his brother. He had agreed with the other parties who purchased interests in the land that the deed of trust to it shall not be recorded but shall be left in the hands of his and their attorney. He has not therefore the right to have the deed recorded. In fact, it would seem that he no longer has any control over the deed. The abstract introduced in evidence shows the title in the defendant. There is no way to show title in himself as trustee for the shareholders as he has put it beyond his power to record the deed.

It is insisted that no damages have been shown by reason of the failure of defendant to comply with his part of the contract; that no lease has been lost or sale of the land prevented by reason of the abstract not showing a title or not being brought down to date, but we think that no such damages are necessary to be shown in order for plaintiff to recover his money. [Kling v. Realty Co., 166 Mo. App. 190; Drury v. Mickelberry, supra; Thompson v. Dickerson, 68 Mo. App. 535; Bruce v. Wolfe, 102 Mo. App. 384; Danzer v. Moerschel, 214 S. W. 849.]

It is insisted that under the contract a majority of the shareholders had a right to consent to the method in which the defendant undertook to fulfill his part of the contract. But it is apparent that the last paragraph of the contract had reference only to the handling of the property after it has been purchased. It had nothing to do with the terms of the purchase, nor the kind of title to be shown in the abstract.

It is claimed that the buying of these interests in the land was merely a speculation on the part of plaintiff and his brother; that this land was supposed to be oil land, and plaintiff and his brother were disappointed in their investment and, therefore, are desirous of having their money returned to them. There is no evidence in the record that this land was oil land or supposed to be oil land. The only intimation in the record of this fact is obtained in a question propounded to the defendant by his attorney in which the land is referred to as "oil land." However, there is no testimony that it was oil land, or if it was, that it was not in a proven field. But whether it was oil land or not, in a speculative or proven field, would make no difference in this suit. In order to protect himself it was incumbent upon defendant to carry out the terms of his agreement. He did not do this. Plaintiff and his brother did not get what they bargained for in their contracts and are entitled to recover back their money.

The judgment is affirmed. All concur.