DR. L. A. T. MEYER, RESPONDENT, v. HARRY S. GLICK, APPELLANT.*

Kansas City Court of Appeals.   June 6, 1927.

---

*Corpus Juris-Cyc References: Attorney and Client, 6CJ, p. 709, n. 9; Pleading, 31Cyc, p. 431, n. 97.

*Irwin & Bushman* for respondent.

*Edwin A. Krauthoff, Gove & Davidson, J. M. Feigenbaum* and *II. A.* and *Harry S. Gleick* for appellant.

ARNOLD, J.—This action was brought to recover for an excessive attorney's fee alleged to have been retained by defendant in stock or money belonging to plaintiff. The suit was instituted in Cole county, Missouri, by filing an original petition on February 21, 1925, as follows:

"Plaintiff for his cause of action says that he is the owner of certain stock in a corporation known as the National Life Insurance Company and that said stock had been converted by a certain commission firm located in St. Louis, Missouri; that plaintiff employed the defendant, Harry S. Glick, to recover said stock for him and that the said Glick did institute a suit in the city of St. Louis for the recovery of said stock and that plaintiff agreed to pay and the defendant agreed to accept a reasonable compensation for the recovery of said stock; that plaintiff paid to the defendant on said fees the sum of one hundred dollars; that by reason of the suit aforesaid the said Glick took into his possession the stock which he, the defendant, had recovered for the plaintiff in the sum of about four hundred ($400) dollars and that the said Glick wrongfully retained and refused to deliver to the plaintiff stock of the value of $1500, and still retains the same, although demand has been made therefor.

"Plaintiff says that a reasonable attorney's fee for the recovery of said stock was five hundred ($500) dollars and that he has paid thereon the sum of one hundred dollars; that the defendant has in his possession and has converted to his own use property value of the value of $1600 and that after allowing defendant a reasonable attorney's fee for services rendered herein, the defendant is indebted to the plaintiff in the sum of $1100, for which he asks judgment, together with his costs."

On June 15, 1925, a first amended petition was filed in words and figures, as follows:

"Plaintiff for his first amended petition says that heretofore he employed Harry S. Glick, an attorney of St. Louis, Missouri, to institute a suit for him against one T. H. Forrester for the recovery of certain stock belonging to the plaintiff, which had been converted to his own use by the said Forrester; that he paid the said Harry S. Glick the sum of $100 and agreed to pay to said Harry S. Glick a reasonable attorney's fee, including the said sum of $100; that his employment of said Glick was not upon a contingent basis and that no definite or agreed sum was fixed by the plaintiff and defendant as to said attorney's fee, although plaintiff frequently requested the said Glick to state the amount which he expected to charge this plaintiff.

"Plaintiff says that the said Glick did institute a suit in the circuit court of St. Louis, Missouri, against the said Forrester and recovered a money judgment against the said Forrester in the sum of $6515 and that thereafter he compromised said matter and accepted the sum of $3000 in cash and monthly payments from the said Forrester in the sum of $100 per month, to be paid until the sum of $1600 was paid by the said Forrester to this plaintiff.

"Plaintiff says that the said T. H. Forrester on or about the 1st day of May, 1924, paid to the said Harry S. Glick, for the use and

benefit of this plaintiff, the sum of $3000 and that the said Glick retained $1500 thereof as and for his said attorney's fee.

"Plaintiff says that he heretofore paid to the said Harry S. Glick the sum of $100, and that $350 would be and is a reasonable attorney's fee for the said Glick to charge to this plaintiff for the services rendered in said cause and that the said Glick has retained from the moneys belonging to his plaintiff, in excess of a reasonable attorney's fee, the sum of $1250, and that demand has been made therefor by this plaintiff upon the said Glick on or about the 7th day of May, 1924, and payment refused.

"Wherefore plaintiff prays judgment in the sum of $1250 together with interest thereon from and after the 7th day of May, 1924, at the rate of six per cent per annum; and for his costs in this behalf expended."

Upon application of defendant, a change of venue was sustained and the cause was transferred to Osage county. On July 3, 1925, defendant filed a motion to strike from the files plaintiff's first amended petition, upon the ground that the same constituted a complete departure from the original cause of action alleged in the original petition which declares on conversion, whereas the first amended petition is bottomed on money had and received. The motion to strike was overruled. Defendant, thereupon, declined to plead further.

Thereafter and on February 10, 1926, plaintiff offered testimony in support of his cause; and the court rendered judgment for plaintiff in the sum of $1100. Within due time defendant filed motions for a new trial and in arrest of judgment which were overruled, and defendant has appealed.

The purport of the motion for a new trial is that the court erred in overruling defendant's motion to strike the first amended petition from the files, and that therefore the judgment was rendered on a different cause of action from the one originally sued on; the evidence adduced on plaintiff's behalf fails to sustain the cause of action set forth in the original petition; the damages and relief given in the judgment is other than that demanded in the original petition; the relief granted is greater than that demanded in the original petition; the judgment is inconsistent with the cause set forth in the original petition; the judgment is against the law; against the law and the evidence and the weight of the evidence; and that the court erred in permitting the introduction of any evidence on behalf of plaintiff, the same being inconsistent with the relief sought in the original petition.

The only point urged on appeal is that the court erred in overruling defendant's motion to strike from the files the first amended petition, upon the grounds that it was a departure from the original cause pleaded. The two petitions, for the purposes of comparison

are set out in full herein.  It will be noted that the original petition alleges plaintiff was the owner of certain stock in a corporation known as the National Life Insurance Company; that said stock had been converted by a certain commission firm in St. Louis, Mo.; that plaintiff employed defendant, an attorney, to institute a suit to recover said stock; that plaintiff agreed to pay defendant a reasonable compensation for such service; that by said suit defendant "took into his possession the stock which he, defendant, had recovered for plaintiff in the sum of about $400, and that said Glick wrongfully retained and refused to deliver to the plaintiff stock of the value of $1500, and still retains the same, although demand has been made therefor . . . that defendant has in his possession and has converted to his own use property value of the value of $1600."

We think the petition clearly pleads a cause in conversion.  The first amended petition charges that one T. H. Forrester had converted to his own use certain stocks belonging to plaintiff; and that plaintiff employed defendant to institute a suit against said Forrester for the recovery of said stock; that plaintiff paid defendant the sum of $100, and agreed to pay defendant a reasonable attorney's fee, including the said $100 so paid; that no definite sum was agreed upon; that defendant did institute said suit against Forrester and recovered a money judgment therein for $6515, and thereafter compromised and accepted $3000 cash and monthly payments of $100 each for the balance of the sixteen months, thereafter paid to plaintiff; that T. H. Forrester on or about May 1, 1924, paid to defendant for the use and benefit of plaintiff, the said sum of $3000, of which defendant retained $1500, as and for his attorney's fee; that this amount retained was in excess of a reasonable attorney's fee.

We think there can be no doubt that the first amended petition sounds in contract.  It is defendant's position that the original petition is a suit in conversion, alleging a tort; and that the first amended petition is a suit on a contract; also, that the latter is a departure from the former in that it states a different cause of action.  We find defendant is correct in this position.  The general rule is stated in Brayton v. Jones, 5 Wis., 117, as quoted in Board v. Decker, 34 Wis. 378, as follows:

"It is there shown that an amendment before trial which attempts to change the nature of the action from one in tort to one in contract is properly not an amendment, but a substitution of a cause of action different in nature and substances from that originally stated."

The general rule applies in this jurisdiction as well.  [Lumpkin v. Collier, 69 Mo. 170, 175.]  In the case last cited the Supreme Court clearly holds that a petition setting forth a cause of action *ex contractu* cannot be amended to allege a cause of action *ex delicto*.  See,

also, Schwab Clothing Co. v. Ry. Co., 71 Mo. App. 241, 249, where the rule is stated as follows:

"The true rule as we gather it from the decisions in this State and elsewhere is, that the proposed amendment must not change the nature of the cause of action, nor destroy the identity of the original transaction. Thus, if A sued B for the conversion of a horse, he cannot amend so as to recover for money had and received in the sale of the horse. This would change the nature of the action, although the evidence in the two actions might be precisely the same. Again, if A should sue B for the conversion of a horse, he could not amend so as to recover for the conversion of an ox. This would change the identity of the transaction."

In the case of Jacobs v. Railroad Co. (Mo. App.), 204 S. W. 954, it was held that before an amendment of a cause of action will be permitted, it must plainly appear that the same evidence will support both petitions and the same measure of damages apply to each. It cannot be successfully contended that the same evidence will support an action ex delicto and at the same time, one sounding in contract. We do not understand plaintiff is making such contention, but, instead, urges the two petitions charge the same cause of action. In this we think plaintiff is clearly in error. Plaintiff relies largely upon the case of Sidebottom v. Sidebottom, 215 Mo. App. 513, 521, 255 S. W. 353, an opinion by this court wherein it is stated the allegation that defendant converted property to his own use may be considered surplusage. In that case, the petition contained allegations to the effect that defendant had received money belonging to plaintiff and his brother to be used for an agreed specific purpose, that he failed to use it for such purpose, and that in equity and good conscience he ought to pay over and return the money to plaintiff. These allegations were held to be sufficient in an attack on the sufficiency of the petition to support the verdict and judgment. We simply held therein that in the circumstances, as presented, the additional allegation in the petition that defendant converted the money to his own use might be regarded as surplusage. We find no such situation in the case at bar, and hold that the ruling in the Sidebottom case does not apply.

For the reasons above stated, we must hold the court erred in overruling defendant's motion to strike the first amended petition from the files. The judgment is accordingly reversed and the cause remanded. *Bland, J.,* concurs; *Trimble, P. J.,* absent.