Myer A. Rosenblatt et al., Appellants, *v.* Will
Haberman, Respondent.

March 23, 1880.

The custom of banks in doing business among themselves through the clear-
ing-house does not alter the rule that a check must be presented to
the bank on which it is drawn, at least during banking-hours of the next
succeeding business-day.

Appeal from the St. Louis Circuit Court.
*Affirmed.*

A. Binswanger, for the appellants : The plaintiff was not
guilty of negligence in the presentation of the check. —
Byles on Bills, *14 ; Dan. Neg. Inst. 548 ; *Matter of Brown,*
2 Story, 514 ; *Hemmelman* v. *Hotaling,* 40 Cal. 111, and
cases there cited ; *O'Brien* v. *Smith,* 1 Black, 99 ; *Cor-
nell* v. *Lovett,* 1 Hall, 68 ; *s. c.,* 6 Wend. 369 ; *Linville*
v. *Welch,* 29 Mo. 205 ; *Fugitt* v. *Nixon,* 44 Mo. 297 ;
*Moody* v. *Mack,* 43 Mo. 212 ; *Mohawk Bank* v. *Broderick*
13 Wend. 137. The establishment of clearing-houses has
enlarged the rule that a check must be presented to the
bank on which it is drawn, on the first business-day suc-
ceeding the receipt of the check. — *Matter of Brown,* 2
Story, 514, 518 ; *Smith* v. *Miller,* 6 Robt. 157. A pre-
sentment of a check through a clearing-house is a suffi-
cient presentment of the check. — Morse on Banking, 394 ;
*Reynolds* v. *Chettle,* 2 Camp. 596. Delay in presenting a
check for payment does not discharge the drawer, unless he
has been injured thereby, and then only to the extent of his
loss. — *Morrison* v. *Bailey,* 5 Ohio, 13 ; Story on Prom.
Notes, sect. 492, and note 5.

David Goldsmith, for the respondent : Presentation
must be made within a reasonable time. — *Case* v. *Morris,*
31 Pa. St. 100 ; *Purcell* v. *Allemung,* 22 Gratt. 742.
Which is construed to mean within business hours of the
next secular day, the parties residing in the same city. —

3 Kent's Comm. (12th ed.) *88, notes 1, *c; Taylor* v. *Sip,* 30 N. J. L. 284; *Bickford* v. *Bank,* 42 Ill. 238.

HAYDEN, J., delivered the opinion of the court.

This is a suit on a check in the usual form, of date July 9, 1877, by which the defendant directed the German Bank, where he had funds, to pay to the plaintiffs, as L. Bauman & Co., or order, $50. The check was paid for goods by the defendant to the plaintiffs on July 9th, near the close of business hours, and was by the plaintiffs deposited with the Commercial Bank, in St. Louis, at which they did their business, during business hours on the next day, the 10th. On July 10th the German Bank did business during banking-hours, but stopped business on that day, and made an assignment for the benefit of its creditors. The plaintiffs' bank and the German Bank were members of the St. Louis clearing-house. In the forenoon of July 11th the plaintiffs' bank presented the check at the clearing-house for payment, and, the check not being paid, it was returned to the plaintiffs, who on the same day notified the defendant of the facts. Judgment was given for the defendant.

The testimony showed that if the check had been presented at the German Bank on the 9th or 10th of July, before three o'clock P. M., it would have been paid; but, in the usual course of business, being deposited in the Commercial Bank by the plaintiff after ten A. M., on the 10th, it did not go through the clearing-house until the 11th, when the German Bank had suspended and had no representation at the clearing-house. It seems to be contended that the custom of banks in doing business among themselves through clearing-houses alters the ordinary rule that a check must be presented to the bank on which it is drawn, at least during banking-hours of the business day next succeeding that on which the check is received. But there is no warrant for the assumption that the time is extended. It is by the banks, and for their convenience, that clearing-

houses are used, and the receiver ·of the check is not pre-
vented from presenting it .to to the bank on which it is
drawn.    The effect of not so presenting the check, but of
depositing it with his own banker, and thus allowing the
banker to hold it, according to the usual course of business,
for another day before it is presented to the drawee, the·
holder of the check is presumed to know, and to be willing
to take the consequences of.    Here, if the plaintiffs had
presented the check, as in law they were bound to, by July
10th, it would have been paid.    They chose to deposit it, so·
that it would be presented, as it was, on the 11th, and thus
were in default.    In *Alexander* v. *Burchfield*, 1 Car. & M.
75, and 7 Man. & G. 1061, it was contended, on similar
facts, that deposit with the holder's banker gave the holder·
one day more for presenting the check ; but the court held
otherwise.    None of the authorities cited by the plaintiffs·
sustain their point.    The facts were here not disputed, and
no peculiar circumstances appeared.

The judgment is affirmed.    Judge BAKEWELL concurs ;·
Judge LEWIS is absent.                        ·