WILLIAM C. LOOMIS, Appellant, v. RUTLEDGE & KILPATRICK REALTY COMPANY, Garnishee of PENDLETON INVESTMENT COMPANY, Respondent.

St. Louis Court of Appeals. Opinion Filed December 5, 1922.

1. **APPELLATE PRACTICE:** Judgments: Trial Court Sitting as a Jury: No Declarations of Law Asked: On Appeal Judgment Affirmed if Supported by Evidence. Where a cause is tried before the court sitting as a jury, and no declarations of law are asked or given, it becomes the duty of the appellate court to affirm the judgment, if it may be sustained on any theory supported by the evidence.

2. **FRAUDULENT CONVEYANCES:** Assignments: Assignment of Rents by Insolvent Debtor: Fraudulent as to Other Creditors. An assignment of rents by an insolvent debtor which placed its property in the hands of a trustee to hold for the benefit of a certain one of its creditors, and after such creditor was satisfied, the assignment being irrevocable in the meantime, then the property was to be returned to the debtor, which arrangement prevented other creditors from securing the payment of their claims, even though recorded and the good faith of the assignee conceded, *held* the instrument was a legal fraud, as distinguished from an actual fraud, upon the other creditors of the debtor including plaintiff and void.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Wm. T. Jones,* Judge.

REVERSED AND REMANDED (*with directions*).

*Frank C. O'Malley* for appellant.

(1)   An assignment made to hinder and delay creditors is void as to creditors, existing or subsequent. Secs. 2880, 2881, R. S. 1909.   (2)   The assignment of rents was made to defraud the creditors of the Pendleton Investment Company; provided for a repayment of the surplus, if any, to said defendant, and was made with a secret trust in favor of the Pendleton Investment Company.   Hence it is void.   Molaska Mfg. Co. v. Steele and Walker, 36 Mo. App. 496; First National Bank v. Woelz, 197 Mo. App. 686; Bank v. Powers, 134 Mo. 432; Roberts v. Barnes, 127 Mo. 405; McDonald v. Hoover, 142 Mo. 484; Dry Goods Co. v. McLaughlin, 78 Mo. App. 578; Independent Packing Co. v. O'Keeke, 128 Mo. App. 592; Bank v. Fry, 216 Mo. 24; Hungerford v. Greengard, 95 Mo. App. 653; Bank v. Anderson, 100 Mo. App. 567; Hardware Co. v. Riddle, 84 Mo. App. 275; Dry Goods Co. v. Carnahan, 79 Mo. App. 219; Frank Riley Pub. Co. v. Ryus, 202 S. W. 582.

*Holland, Rutledge & Lashley* and *R. L. Ailworth* for respondent.

(1) This case was tried by the court without a jury, and no instructions were offered by either party nor were any given by the court. Under this state of the record if the judgment is supported by any evidence on any theory of the case it must be affirmed. Hanenkratt v. Brougham, 164 Mo. App. 108; Scarritt Estate v. Casualty Co. 166 Mo. App. 567; Bank v. Phillips, 179 Mo. App. 488; Chrisman v. Scholl, 177 Mo. App. 58; Brandt v. Bente, 177 S. W. 377. (2) The assignment in this case was valid on its face, and the record fails to disclose any secret agreement between the grantor, the Pendleton Investment Company, and the grantee, the Rutledge & Kilpatrick Realty Company, to enable the grantor to conceal its property from its creditors or to benefit the grantor in any way, and even though it had the tendency to, and did actually hinder and delay other creditors, yet the assignment is good for the record shows conclusively that the same was executed to protect the Rutledge & Kilpatrick Realty Company, and not with the intent to hinder or delay the creditors. Robinson v. Dryden, 118 Mo. 534; Wood v. Porter, 179 Mo. 56; Schelly v. Booth, 73 Mo. 74; Wall v. Beedy, 161 Mo. 625; Garesche v. McDonald, 103 Mo. 1. The record shows an honest and natural effort on the part of the Rutledge & Kilpatrick Realty Company to protect itself without any intent on its part to protect the interests of the Pendleton Investment Company (cases cited, supra, under point 2).

BIGGS, C.—After the filing of an opinion in the above cause, the respondent's motion for rehearing was sustained and the cause has been reargued and resubmitted.

Upon an unpaid judgment against the Pendleton Investment Company plaintiff caused execution to issue and the Rutledge & Kilpatrick Realty Company to be summoned as garnishee. The latter company answered the customary interrogatories in the negative.

In reply, the plaintiff entered a denial to the garnishee's answer, and asserted that the garnishee was indebted to the Pendleton Investment Company and had in its possession funds in excess of the amount of plaintiff's judgment. It is further averred in the reply that the Pendleton Investment Company and the garnishee are both Missouri corporations having an office at the same place in the city of St. Louis, and that one Robert Rutledge was president of the garnishee Company, and was also vice-president and treasurer of the Pendleton Investment Company; that one Rene Bakewell was secretary and treasurer of the garnishee company; that on the 24th day of June, 1916, the Pendleton Investment Company was the owner of certain residence property in the city of St. Louis from which it was entitled to receive rentals aggregating $211.50 per month; that on the said 24th day of June the said Pendleton Investment Company was indebted to the plaintiff in the sum of $365 and interest on a certain promissory note executed by it, which was due and unpaid, and that on the 10th of July, 1916, plaintiff recovered a judgment on said note; that on the said 24th day of June while the said defendant Pendleton Investment Company was insolvent, it and the garnishee Rutledge & Kilpatrick Realty Company, Rene Bakewell, and Robert Rutledge entered into a conspiracy and agreement to hinder, delay and defraud the plaintiff and the creditors of the said Pendleton Investment Company; that in pursuance of said scheme and with the knowledge, consent and approval of the garnishee, Rutledge & Kilpatrick Realty Company, and with the intent to hinder, delay and defraud its creditors and the plaintiff, the said Pendleton Investment Company made and executed a pretended assignment of said rents to the garnishee Rutledge & Kilpatrick Realty Company, and on said day executed a pretended deed purporting to assign the said rents to the said garnishee and to appoint said Rene Bakewell its agent to collect said rents and to pay the same to the

said garnishee to secure and pay off a pretended indebtedness; that said deed of assignment was made without consideration and for the sole purpose of hindering, delaying and defrauding the creditors of said company.

After a trial before the court without the aid of a jury, judgment was rendered for the garnishee. No instructions or declarations of law were asked or given. After taking the preliminary steps, the plaintiff has appealed to this court.

The sole question presented for review is whether the said assignment of rents was fraudulent, as a matter of law, against the plaintiff's rights. Unless it can be said from the record that said assignment was fraudulent under the undisputed facts, we would not be justified in interfering with the judgment of the trial court sitting as a jury. In such a case where the cause is tried before the court, sitting as a jury, and no declarations of law are asked or given, it becomes the duty of this court to affirm the judgment, if it may be sustained on any theory supported by the evidence.

The record shows that prior to June 24, 1916, the Pendleton Investment Company was the owner of certain residence property encumbered by deed of trust, and that it maintained its office at the same place as the Rutledge & Kilpatrick Realty Company; that the Rutledge & Kilpatrick Realty Company was in the general real estate business and had been collecting the rents from these residences for the Pendleton Investment Company; that Robert Rutledge was the vice-president of the Pendleton Investment Company and the owner of forty-nine per cent of its stock; that he was also president of the Rutledge & Kilpatrick Realty Company and the owner of a like amount of its stock; that prior to this time plaintiff had obtained another judgment against the Pendleton Investment Company and had summoned the Rutledge & Kilpatrick Realty Company as garnishee, with the result that plaintiff obtained settlement and

satisfaction of the judgment, the same being thereupon paid by the Pendleton Investment Company; that shortly thereafter and on the 24th day of June, 1916, and while the plaintiff held the note of the Pendleton Investment Company, which was due and unpaid and on which plaintiff recovered a judgment on July 10, 1916, against the Pendleton Investment Company, the said Pendleton Investment Company, through its vice-president Robert Rutledge, executed an assignment of the rentals which should subsequently accrue from the real estate owned by the said Pendleton Investment Company to the Rutledge & Kilpatrick Realty Company as a part payment of a debt of $11,100 due the Rutledge & Kilpatrick Realty Company from the said Pendleton Investment Company, and by said assignment one Rene Bakewell was appointed attorney in fact of the Pendleton Investment Company for the purpose of collecting said rents and paying same to the Rutledge & Kilpatrick Realty Company until the said debt of $11,100 should be paid and extinguished.

The said paper is as follows:

### "ASSIGNMENT OF RENTS.

St. Louis, Mo., June 24, 1916.

"Whereas, The Pendleton Investment Company, a Missouri corporation, is now and has for a long time been justly indebted to the Rutledge & Kilpatrick Realty Co., a Missouri corporation, in the sum of eleven thousand one hundred ($11,100) dollars; and,

"Whereas, The Rutledge & Kilpatrick Realty Company threaten to institute legal proceedings to enforce the collection of said sum, which legal proceedings would be very harmful at this time;

"Now, therefore, it is hereby understood and agreed by and between the said corporations that for and in consideration of the sum of one ($1) dollar, receipt of which is hereby acknowledged, paid by the Rutledge & Kilpatrick Realty Company to the Pendleton Investment Company, and the further consideration that the

Rutledge & Kilpatrick Realty Company will defer bring-ing legal action on said debt, the Pendleton Investment Company hereby sells, assigns, transfers, sets over and pledges as a part payment of the said debt the rents hereafter to be due on the following described prop-erties, and appoints Mr. Rene Bakewell as its true and lawful attorney to collect the said rents and pay same to the Rutledge & Kilpatrick Realty Company, to-wit:

"The monthly rent of $75 from James T. Carradine for 1230 Oakley place;

"The monthly rent of $66.50 from Wm. T. Werner for 1232 Oakley place;

"The monthly rent of $70 from J. W. Towl for 1234 Oakley place;

"which property is located in city block 3832, having a front on the east line of Oakley place, beginning at a point where the center line of a right-of-way used for a walk, running east and west, intersects the east line of Oakley place, and from that point running north-wardly 121 feet, more or less. Thence eastwardly about ninety feet, thence in a southerly direction to the center line of said right-of-way; thence westwardly with the center line of said right-of-way nine-two feet, more or less, to the east line of Oakley place, the point of be-ginning. Houses known as Nos. 1230-32 and 34 Oak-ley place.

"Also the monthly rent of $65 from E. M. Treat for 5957 Woodland place, which property is located in lot 15, city block 3832, having a front with the center line of Woodland place of fifty feet by a depth north-wardly to the south line of lot No. 23; bounded on the west by lot 16, on the north by lot 23, on the east by lot 14, and on the south by the central line of Woodland place.

"And on all of the aforesaid real estate are deeds of trust given to secure loans.

"With power to the said Rene Bakewell to bring suit for same, and to do all other acts and things deemed

necessary by him for the collection of said rents and to make repairs.

"The power of attorney being coupled with an interest, shall be irrevocable until an amount has been collected sufficient to pay the above debt or until the above debt has been otherwise settled, at which time this assignment of rents shall terminate.

"PENDLETON INVESTMENT COMPANY,

"ROBERT RUTLEDGE, Vice-President.

{ "Seal of Pendleton Investment Company. }

"Attest:

"W. J. McDONALD,
    ".Secretary."

The above instrument was acknowledged by Robert Rutledge on behalf of said corporation, and duly recorded in the Recorder's Office of the City of St. Louis.

It appears that the said Rene Bakewell was the secretary and treasurer of the Rutledge & Kilpatrick Realty Company and that Robert Rutledge was the president of said company, and these two were the active officers thereof.

It appeared that the indebtedness of $11,100 referred to was a bona-fide indebtedness. Before the execution of the said assignment the rents of the properties had been collected by the Rutledge & Kilpatrick Realty Company and credited to the Pendleton Investment Company. After the assignment was executed the rents were then credited on the books of the Rutledge & Kilpatrick Realty Company to Rene Bakewell, attorney in fact, and that sufficient rents were thus collected to more than cover plaintiff's judgment.

After the execution of the assignment, the moneys so received from the rents were paid out for heat for the buildings, janitor service, repairs, taxes and interest on deeds of trust against the properties.

Mr. Rutledge testified that the purpose of executing the assignment of rents was to secure the indebtedness of his company, the Rutledge & Kilpatrick Realty Company, and was executed for its protection. He further testified as follows:

"Q. Mr. Rutledge, some time before this assignment was executed Mr. Loomis had another judgment against the Pendleton Investment Company, didn't he? A. Yes, sir.

"Q. And he ran a garnishment on the tenants? A. Yes.

"Q. And then the Pendleton Investment Company paid that judgment, didn't they? A. I believe it did, yes.

"Q. And then a short time after that this assignment was executed then, wasn't it? A. Yes, sir.

"Q. Now, that was done, wasn't it, just solely to defeat these garnishments? A. No, sir; it was done to protect Rutledge & Kilpatrick Company. There is no reason why those rents should be paid to somebody who had no interest in them.

The witness further testified that they were fearful that the deeds of trust would be foreclosed at any time and that the money of the Rutledge & Kilpatrick Realty Company would be lost through foreclosure and that the assignment of the rents was executed with an idea of staving off all foreclosures, and that consequently the assignment referred to was executed so as to use the rents to take care of the interest on the deeds of trust so as to prevent foreclosures, with the idea that eventually the property might be sold and enough realized to pay off the mortgages and leave a surplus to apply on the claim of the Rutledge & Kilpatrick Realty Company. The witness did not remember whether there was an understanding at the time of the execution of the assignment that the rents were to first pay the interest on the deeds of trust.

A prima-facie showing of the insolvency of the Pendleton Investment Company was made by the introduc-

tion of the *nulla bona* return of the sheriff on the execution, and nothing appeared to the contrary.

It should be noted that the assignment sells, transfers and pledges to the garnishee the rents of the properties, appoints Rene Bakewell, an officer of the garnishee company, attorney in fact, to collect and pay same to the garnishee until its debt is paid. The paper contains this provision: "The power of attorney being coupled with an interest, shall be irrevocable until an amount has been collected sufficient to pay the above debt or until the above debt has been otherwise settled, at which time this assignment of rents shall terminate."

In substance and effect the instrument is an assignment and pledge of the rents until garnishee's debt is paid, at which time the right of Bakewell to collect and apply the rents shall terminate, and the rents after such time again become the property of the Pendleton Investment Company, the assignor. In other words, the surplus after the payment of garnishee's debt is the property of the assignor.

The question for decision is whether the assignment of rents under its terms and the evidence was fraudulent in law as against the plaintiff, the creditor of the Pendleton Investment Company, regardless of the good faith of the parties. Under the agreement and the manner in which it was carried out as disclosed by the evidence, Bakewell held the entire income of the assignor Pendleton Investment Company, applied it to the payment of debts of said company, such as heat for the buildings, janitor service, repairs, taxes, and interest, and then was to apply such income to the payment of the debt of the Rutledge & Kilpatrick Company. After such latter debt was extinguished, the power of Bakewell to collect ceased, and the assignor Pendleton Investment Company would thereafter be entitled to such rents. In the meantime its other creditors, including plaintiff, were without remedy.

While the transaction was entirely open and above board, in that the paper was recorded, and while it may

be conceded that Rutledge & Kilpatrick Company acted in good faith for the purpose of securing the payment of its debt, courts cannot approve an arrangement which permits an insolvent debtor to place its property in the hands of a trustee to hold for the benefit of certain of its creditors and then return such property to the debtor after such creditors are satisfied, which arrangement prevents other creditors from securing the payment of their claims.

While it is argued that under the evidence it is entirely improbable that there could ever be a surplus of rents that would again accrue to the benefit of the assignor Pendleton Investment Company, evidently the parties did not so regard it at the time of the execution of the paper, for they distinctly provided for such contingency. It was supposed at the time there might be a surplus, for by the terms of the agreement such surplus reverts to the assignor after certain debts are paid. We think the instrument was a legal fraud, as distinguished from an actual fraud, upon the other creditors of the Pendleton Investment Company, including plaintiff, and should be declared void.

While it is true that a debtor may prefer a creditor under certain circumstances not necessary to here state, it is not true that a debtor can place the entire income from his property in the hands of a trustee, have that trustee collect such income and pay certain of his creditors, and after such creditors are satisfied have said income returned to such debtor, which arrangement prevents other creditors from realizing on their claims. Missouri authorities which are analogous and cast light on the ruling are: Molaska Manufacturing Company v. Steele et al., 36 Mo. App. 496; McDonald & Co. v. Hoover, 142 Mo. 484, 44 S. W. 334; Rubber Mfg. Co. v. Supply Co., 149 Mo. 538, 50 S. W. 912; Frank T. Riley Publicity Company v. Ryus, et al., (Springfield Court of Appeals), 202 S. W. 582. In McDonald v. Hoover, supra, it is said:

"A debtor has an absolute legal right in Missouri to prefer one of his creditors over another so long as

he acts in good faith, but he has no right to make an indebtedness to one creditor the means not merely of securing that creditor but of placing the surplus of his property over and beyond that security in the hands of such creditor in such a way as to put it beyond the reach of other creditors or so as to hinder or delay them in their lawful actions. And while a debtor may prefer his creditors, he has no right to delegate that right to one of his creditors and confer upon such creditor the power to discriminate among the other creditors in the distribution of the surplus placed in his hands. The law will not permit a debtor to thus hold his creditors at bay while his chosen creditor, having fully satisfied himself, compels the other creditors to compromise their claims and await his pleasure. The necessary consequence of such an arrangement is to delay and hinder other creditors as to such surplus, and is clearly such as the statute was designed to prevent and thwart.''

It follows the judgment should be reversed and the cause remanded, with directions to enter judgment for plaintiff.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded with directions as recommended by the Commissioner. *Allen, P. J., Becker* and *Daues, JJ.,* concur.