V. E. Koch, Appellant, v. Sanford Loan & Realty Company. Respondent.*

In the Springfield Court of Appeals.   Opinion filed August 31, 1926.

1.—Appeal and Error—Appellate Practice—Cause Tried Before court—No Declaration of Law Given—Judgment Affirmed if Sustainable. Where case was tried before the court without a jury and no declarations of law were asked and none given, judgment should be affirmed on appeal if it is sustainable on any theory supported by the evidence.

2.—Same—Same. In considering plaintiff's contention on appeal the evidence does not support finding for defendant, the facts will be taken to be as presented by defendant.

3.—Bills and Notes—Checks—Presenting Check for Payment—Duty of Payee. The General rule is that a check should be presented within a reasonable time, which depends on the circumstances of each particular case, but where the payee receives the check in the place where the drawee bank is located it is his duty to present it not later than the closing of banking hours on the following business day.

4.—Same—Same—Same—Payee Held Negligent in Presenting Check. Where payee received check on January 11, in the same place where drawee banks was located, and upon noticing supposed error in amount, mailed it back to maker the same day, and the next day maker remailed it to payee, at another town where payee lived, pointing out that the amount was correct, check being received by payee on January 14, and deposited same morning for collection, reaching town where drawee bank was located morning of January 15, and drawee bank failed to open for business on morning of 15th, being insolvent, held, that payee was negligent in presenting check, and should bear the loss resulting from the insolvency of the drawee bank.

*Corpus Juric-Cyc References: Appeal and Error, 4CJ, p. 658, n. 40; p. 777, n. 61; Bills and Notes, 8CJ, p. 541, n. 29.

Appeal from the Circuit Court of Greene County.—Hon. Warren L. White, Judge.

Affirmed.

*Fred A. Moon* for appellant.

(1) In an action on a check it is sufficient to allege that it was given in payment of an account stated, and it is not necessary to allege how the indebtedness occurred. Nelson v. Diffenderffer, 178 Mo. App. 48, 163 S. W. 271. (2) In order to discharge the drawer of a check to the extent of the loss sustained by him because of the failure of the drawee bank before presentment for payment, the facts must show that the check was not presented for payment within a reasonable length of time after its issuance. Sec. 972, R. S. 1919;

Maronde v. Vollenweider, 279 S. W. 774; Sec. 982, R. S. 1919. (3) Where the holder of the check and the banker on whom it is drawn reside in different places it is presented for payment within a reasonable length of time, if the holder forwards it by mail the next secular day after it is received for presentment. 5 R. C. L. sec. 32, page 510; Nuzum v. Sheppard, 87 W. Va. 243, 104 S. E. 587. (4) Check was delivered to appellant in Springfield on Friday the 11th, but, as is customary, he took it with the intention of depositing it in his home bank at Joplin. If he had not returned the check for correction, he still would have had until the next secular day after Saturday 12, to-wit, Monday 14th, in which to have started it back to Springfield for presentment. His home bank and home being in Joplin, delivery of the check to him in Springfield on the afternoon of the 11th was the same as mailing it. If it had been mailed instead of delivered in person it would not have reached Joplin until Saturday the 12th, the time the appellant reached there by train. (5) Re-mailing of check by drawer on Saturday the 12th, was a reissuing thereof, and starting check back from Joplin on the 14th met the requirements of law. (6) By re-mailing check on the 12th drawer impliedly agreed that payee should have a reasonable length of time from then in which to present same for payment. Holmes v. Roe, 28 N. W. 864; Daniels on Negotiable Instruments (6 Ed.), sec. 1091. (7) Negligence, to defeat recovery on check, must have been in presenting same for payment. If there was any negligence in this case, it was not in presentment, but in the final settlement between the drawer and payee on the afternoon of January 11th. Mistake is misunderstanding; not negligence.

*Barbour, McDavid & Barbour* for respondent.

(1) The suit is on a check given in payment of a "stated account," a stated account involves an agreement as to the items and as to the amounts. No fraud, error or mistake is claimed. By pleading the matter as a stated account, and the check as being in payment of it, the plaintiff thereby approves the amount and all the items which compose it, and thus admits that he delayed presenting the check to the amount of which he had agreed as covering a stated account, and leaves himself without excuse in returning it and in delaying presentment. Bloss v. Aurora Milling Co., 207 Mo. App. 408; Davis & Co. v. Boswell & Strawn, 77 Mo. App. 294, 297; McKenzie v. Hall, 210 Mo. App. 1. (2) It is to be remembered also, in this case that where, as here, a case is tried by a court without a jury, and no declarations of law asked or given, the judgment rendered will not be disturbed, if supported by substantial evidence or sustainable on any theory. Meridian Lbr. Co. v. Lowry Lbr. Co., 207 Mo. App. 41;

Sidebottom v. Sidebottom, 215, Mo. App. 513, 522; Loomis v. Realty Co. 212 Mo. App. 147, 151; Mo. Pac. R. R. v. Clark, 268 S. W. 97, 99; White v. Kershaw, 259 S. W. 805, 806. (3) The rule as to the time in which the presentment of a check for payment shall be made, and the effect of delay, has long been established. Our statutory law on the subject is but declaratory of the common law, the law merchant. Where, as here, a check is drawn in favor of, and delivered to a person in the same city where the drawee bank is located, the check must be presented by the holder for payment on the same or the following day, else the holder is liable for any damage or loss suffered by longer delay. Wear v. Lee, 87 Mo. 358; Rosenblatt v. Habermann, 8 Mo. App. 486, 487; Dyas v. Hanson, 14 Mo. App. 371; 8 Corpus Juris, page 540, sec. 753; 8 Corpus Juris, page 547; Nelson v. Kastle, 105 Mo. App. 187; Farmers National Bank v. Dreyfus, 82 Mo. App. 402; Carroll v. Sweet, 13 L. R. A. (O. S.) 43; Ogden on Negotiable Instruments, 184; Brannon, on Negotiable Instrument Law, sec. 186, page 395.

BRADLEY, J.—This is suit on a check. The cause was tried before the court without a jury, and plaintiff obtained judgment for forty per cent of the amount of the check sued on. The judgment given was not satisfactory to plaintiff and he appealed.

Plaintiff did some paving for defendant in the city of Springfield, Mo. On January 11, 1924, plaintiff and defendant agreed upon the balance due for the work and on that date defendant gave to plaintiff its check for $1374.18, the amount agreed upon as being the balance due. The settlement was made in Springfield in defendant's office. Plaintiff resided in Joplin, Mo. The check was drawn on the Holland Banking Company, a banking institution at that time in the city of Springfield. Before the check was presented the Holland Banking Company failed, and had closed its doors. By arrangement made by the state bank commissioner with a bank in the city of Springfield depositors of the Holland Banking Company were paid forty per cent, and on this fact the court based the forty per cent judgment rendered. It might be here stated that the defendant in its answer tendered judgment for forty per cent .of the amount of the check.

The defense is that plaintiff was negligent in presenting his check; that had he handled the check as he should have it could have and would have been presented for payment and paid before the Holland Banking Company closed its doors.

January 11th, the day the check was issued and delivered, was on Friday. According to defendant's evidence the check was delivered during banking hours and could have been presented that day. After plaintiff left defendant's office on the day the check was issued

and delivered to him it occurred to him that the check should have been for $1385.20 instead of $1374.18. With this in mind he mailed the check back to defendant suggesting that what he considered an error be corrected. Plaintiff went to his home in Joplin the night of January 11th, the day the check was issued. But whether he mailed the check in Springfield or Joplin he was not certain. · Anyway the check arrived at defendant's office on Saturday January 12th. Upon receipt of the check by defendant on the 12th it immediately mailed it back to plaintiff at Joplin reminding him of a $11.02 item which according to defendant was gone over in the settlement and which was deducted by agreement. The item mentioned had its origin in this way. December 13, 1923, defendant gave plaintiff a check for $98 for hauling rock. This included $11.02 due one Crenshaw on the rock hauling. Plaintiff did not pay Crenshaw out of the $98 and he, Crenshaw, came to defendant for his pay and defendant paid him. And when plaintiff and defendant settled on January 11th this $11.02 Crenshaw item was deducted from the amount due plaintiff leaving the net balance as stated above.

Plaintiff received the check back from defendant when he opened his mail in Joplin Monday morning January 14th. Upon receipt of the check and the explanation on the 14th plaintiff on same day deposited the check with the Conqueror Trust Company in Joplin. The trust company forwarded it to the Union National Bank in Springfield, and it was received by the Union National Bank on Tuesday morning January 15th. The Holland Banking Company failed to open for business on the morning of the 15th, hence the check was not paid.

As stated this cause was tried before the court without a jury. No declarations of law were asked and none were given. In such case the judgment should be affirmed if it may be sustained on any theory supported by the evidence. [Loomis v. Realty Company, 212 Mo. 147, l. c. 151, 251 S. W. 735; Sidebottom v. Sidebottom, 215 Mo. App. 513, l. c. 522, 255 S. W. 353.] Plaintiff contends that the evidence does not support the finding made. Since the finding and judgment were for defendant we take the facts to be as presented by defendant.

Had this check been presented to the drawee bank at any time prior to 4 o'clock p. m. on January 14th it would have been paid, as the bank was a going concern until it closed at the usual closing hour on that day. If defendant had taken the check to Joplin with him and deposited it in his bank on Saturday the 12th, it would have, in the usual course, been presented for payment on Monday the 14th and would have been paid. Where the payee to whom a check is delivered receives it in the same place where the bank on which it is drawn is located it is his duty to present it to the drawee bank before the closing of banking hours on the next business day. [Wear v. Lee,

87 Mo. 358; Rosenblatt v. Haberman, 8 Mo. App. 486; Dyas v. Hanson, 14 Mo. App. 363; 8 C. J., p. 540.]

Corpus Juris states the rule in this wise: "It is well settled that, in the absence of special circumstances, when the person receiving the check and the banker on whom it is drawn are in the same place, it must be presented for payment the same day, or at least the next business day after it is received; but where the check is received on Saturday the payee has until the close of banking hours on Monday to present it. It is not necessary to present it on the day it is received, except perhaps where the holder knows that the bank is in precarious condition."

The general rule is that a check should be presented within a reasonable time. A reasonable time of course depends upon the circumstances of each particular case. But it is undoubtedly the rule in this State, and generally we think, that where the payee receives the check in the place where the drawee bank is located it is his duty to present it not later than the closing of banking hours on the following business day. Had plaintiff observed this duty the check would have been presented and paid.

Plaintiff's learned counsel does not controvert the law as we have endeavored to state it; but contends that when defendant mailed the check back to plaintiff on Saturday January 12th it impliedly agreed that plaintiff should have a reasonable time after receiving it in which to present. In other words it is contended that by mailing the check back to plaintiff it was in effect *reissued* and that the situation should be considered the same as it would be had plaintiff never received the check prior to Monday morning January 14th when he opened his mail in Joplin. If that theory be adopted then plaintiff could not be said to be at fault, because after the receipt of the check on the 14th he proceeded with due diligence and in the usual way to have presentation made.

But such theory ought not to be adopted. Plaintiff received this check in the first instance in the city of Springfield on January 11th. The Holland Banking Company was located in the same city. Suppose plaintiff had put the check in his pocket and had forgotten about it, and carried it until Monday the 14th when he deposited it in Joplin. Could it be said that in such case he was not negligent? We hardly think so. Instead of carrying the check in his pocket plaintiff, because he had forgotten that the Crenshaw item was adjusted in the settlement, mailed the check back to defendant and by so doing by his own forgetfulness, his own negligence delayed presentation. In the supposed case the check was for the time forgotten. In the case here plaintiff forgot about the Crenshaw item. The

drawer certainly could not be at fault in the one case any more than in the other.

We are clear that the judgment below was correct and should be affirmed. It is so ordered. *Cox, P. J.*, and *Bailey, J.*, concur.